IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CALVIN WESLEY, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Civil Action: 6:24cv00032 |
| THE CITY OF LYNCHBURG and LPD OFFICER SETH REED, | ) ) ) ) |
|     Defendants. | ) |

## DEFENDANT CITY OF LYNCHBURG'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant City of Lynchburg, Virginia, by counsel, respectfully submits this memorandum in support of its motion to dismiss.

### BACKGROUND

Plaintiff alleges that Officer Reed used excessive force when he deployed a police canine during the course of Plaintiff's arrests on March 11th and December 20th of 2021. Plaintiff alleges further that the City of Lynchburg (the "City") is liable for Officer Reed's alleged use of excessive force under 42 U.S.C. § 1983 because the City maintained an unconstitutional custom or practice of allowing its police officers to use excessive force (Counts 4&5); failed to train its officers in the constitutional limits of the use of force (Counts 6&7); failed to discipline its officers for use of excessive force (Counts 8&9); and ratified the use of excessive force by its officers (Counts 10&11).

In support of the allegations, Plaintiff recites—"[u]pon information and belief"—15 separate instances—beginning in 2001 and ending in 2020—in which Lynchburg Police Officers allegedly used force. (Compl., ECF 1 ¶ 131(a)-(n).) Plaintiff's reference to 15 alleged uses of

1

excessive force over 20 years does not establish the sort of pattern that supports a *Monell* claim against the City. There is nothing to support this claim other than Plaintiff's conclusory allegation that the incidents involved excessive force. Moreover, Plaintiff made no allegation that there was a finding by any tribunal that the alleged uses of excessive force violated constitutional rights.

Plaintiff further alleges—"upon information and belief"—that the use of force against him was "not documented, processed or investigated" according to the Lynchburg Police Department's policy. (*Id.* ¶ 129.) He alleges "[i]t is obvious that" the Lynchburg Police Department has failed to train its officers in use of force, citing the "multitude of instances in which officers have used force in violation of policy." (*Id.* ¶ 133.) Finally, Plaintiff alleges—"[u]pon information and belief" and in contradiction to his prior allegation in ¶ 129—that Officer Reed's uses of force against him were indeed reported and investigated by the Lynchburg Police Department, but that "none of the officers" were disciplined. (*Id.* ¶ 135.) Thus, he alleges, the City "ratified the unconstitutional customs and practices of its officers." (*Id.*)

These conclusory allegations are similarly insufficient to support a *Monell* claim against the City.

## ARGUMENT

### I.      Standard of Review under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.     Plaintiff failed to state a municipal liability claim against the City.

Plaintiff seeks to impute liability to the City for the alleged use of excessive force by Officer Reed. However, Plaintiff's conclusory allegations fail to establish a municipal liability claim.

A local government entity cannot be held liable under 42 U.S.C. § 1983 for injuries inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Local governments are only liable for their own illegal acts. Accordingly, to impose liability on a governmental entity, a plaintiff must establish the existence of an official policy or custom that caused the constitutional deprivations. *Id.*

An official policy refers to formal rules or understandings that establish "fixed plans of action to be followed under similar circumstances consistently and over time." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). Such policies "must be contrasted with episodic exercises of discretion in the operational details of government." *Id.* (citations omitted). In limited conditions a government entity can create official policy by making a single decision in response to particular circumstances. However, municipal liability attaches for a single decision "only when the decision maker is the municipality's governing body, a municipal agency, or an official possessing final authority to create official policy." *Id.* (citations omitted).

A municipal custom may arise only if a practice is "persistent and widespread," and "permanent and well settled." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). A custom may be attributed to a municipality when the duration and frequency of the unconstitutional practices warrant a finding of either actual or constructive knowledge by the locality that the practices have become customary among its employees. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). A policy or custom will not, however, "be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984).

To state a claim for municipal liability, a plaintiff must allege facts, beyond those surrounding her own injury and arrest, which reference actual events demonstrating a policy or custom that was the "moving force" behind the violation at issue. *Id.* at 230-31; *Lanford v. Prince George's County*, 199 F. Supp. 2d 297, 305 (D. Md. 2002); *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (finding the § 1983 claim against the fire department was properly dismissed because the "conclusory allegations of discrimination were not supported by any reference to particular acts, practices or policies of the Fire Department."). Such a claim

4

must be alleged with "factual specificity." *Hixson v. Hutcheson*, 2018 U.S. Dist. LEXIS 130360, at *15 (W.D. Va. 2018). Under these principles, Plaintiff's Complaint lacks the requisite factual specificity to impose municipal liability on the City.

### a. Unconstitutional Custom or Practice – Excessive Force

In support of his allegations in Counts 4 and 5 that the City maintains an unconstitutional custom or practice regarding use of force by its officers, Plaintiff recites "[u]pon information and belief" 15 separate instances in which Lynchburg Police Officers allegedly used excessive force over a span of 20 years. While Plaintiff alleged three examples that could be considered similar to his allegations, Plaintiff's heavy reliance on the phrase "upon information and belief" while reciting these incidents demonstrates a lack of specific factual allegations. *Drzymala v. BAE Sys. Controls, Inc.*, Civil Action No. 7:21-cv-00522, 2022 U.S. Dist. LEXIS 157253, at *3 (W.D. Va. Aug. 31, 2022).

There is nothing to support such a conclusion, other than Plaintiff's allegations that the incidents illustrate a pattern of use of unreasonable and excessive force that the City permits. These vague and conclusory allegations do not reference any particular factual conduct by City officials to support a policy or custom of excessive force during arrest. Moreover, the references to alleged uses of excessive force lack information to substantiate the outcome of the allegations. It is axiomatic that allegations of previous uses of excessive force without more cannot establish a policy. If the allegations or claims are untrue or unfounded, then there was no excessive force in accordance with an alleged policy. Without one single allegation that there was a finding by any tribunal that the alleged uses of force violated constitutional rights, Plaintiff's list is not meaty enough to state a plausible claim that the City had an unconstitutional custom or policy of allowing use of excessive force.

### b. Failure to Train in Constitutional Use of Force

In support of his Counts 6 and 7 claims of municipal liability against the City for failure to train under 42 U.S.C. § 1983, Plaintiff alleges that it is "obvious" that the Lynchburg Police Department has failed to train its officers in the use of force "because of the multitude of instances" in which its officers have used force in violation of policy, and that "it is clear that an obvious lack of training" has led to Officer Reed's use of the police canine during the course of Plaintiff's arrests. (Compl. ¶¶ 133-34.) These vague and conclusory allegations do not reference any particular factual conduct by City officials to support the conclusion that they failed to train their police officers. Courts examining similar allegations have held them insufficient to state a *Monell* claim.

For example, in *Jackson v. Brickey*, Jackson claimed his arrest for obstruction of justice lacked probable cause. He alleged, *inter alia*, that the arrest stemmed from the Saltville Police Department's "institution-wide failure to train its officers properly about the rule of law and the Constitutional rights of U.S. citizens" and its "*de facto* institution-wide policies about ignoring or being deliberately indifferent to Constitutional rights or violations of such rights." *Jackson v. Brickey*, 771 F. Supp. 2d 593, 604 (W.D. Va. 2011). The Court disregarded these allegations, holding they were "mere conclusory statements regarding the police department's failure to train," which amounted to "naked assertions devoid of further factual enhancement." *Id.* (citing *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted). Jackson's "references to generalized deficiencies within the department d[id] not sufficiently flesh out his allegations." *Id.* Likewise, Plaintiff's allegations are naked assertions devoid of factual support. Accordingly, Counts 6 and 7 should be dismissed.

### c. Failure To Discipline/ Ratification

In support of his Counts 8 and 9 claims of municipal liability against the City for failure to discipline its officers, Plaintiff alleges—"[u]pon information and belief"—that the uses of force against Plaintiff by Officer Reed were reported and investigated by the Lynchburg Police Department, but Officer Reed was not disciplined. (Compl. ¶¶ 135, 208, 215.) Plaintiff further alleges—"[u]pon information and belief"—that the Lynchburg Police Department "routinely fails to discipline its officers when they use objectively unreasonable and excessive force." (*Id.* ¶¶ 207, 214.) Plaintiff further alleges the City's failure to discipline its officers was a "moving force" behind Plaintiff's injuries. (*Id.* ¶¶ 210, 217.)

Additionally, in Counts 10 and 11, Plaintiff alleges that the Chief of the Lynchburg Police Department, as the "ultimate and final policymaker" for the Department, "concluded that the officers involved in each use of force [against Plaintiff] acted lawfully," thus ratifying "each of the unconstitutional and excessive uses of force." (*Id.* ¶¶ 222, 229.) This "ratification" by the Chief of the Lynchburg Police Department "was a moving force behind" Plaintiff's injuries. (*Id.* ¶¶ 223, 230.)

These allegations are also insufficient to state a claim for municipal liability. It is impossible for the Lynchburg Police Department's, and its Chief's, determinations—made *after* the alleged excessive force—to have caused the excessive force. Mere ratification of the conduct at issue "could not have been the 'moving force' behind [the] defendants' alleged constitutional violations if the City's actions *followed* the Police Officer Defendants' actions." *Booker v. City of Lynchburg*, 2020 U.S. Dist. LEXIS 128818, at *23 (W.D. Va. July 22, 2020) (citing *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 397 (1997)).

*Booker*, as well as this case, are distinguishable from *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529 (4th Cir. 2022) because in *Starbuck*, the school board's action of approving the student's suspension was a necessary element of the suspension actually having occurred, thus making it a "moving force" behind the constitutional violation. Whereas here, the Lynchburg Police Department's alleged decision not to discipline Officer Reed, and the Chief's alleged ratification of Officer Reed's conduct after the fact, had no effect on whether the alleged conduct actually occurred, and thus, could not have been the "moving force" behind Plaintiff's alleged constitutional violations.

The holding in *Starbuck* is "the School Board's approval of a suspension allegedly imposed to punish assertedly protected speech is a decision of a body with final policy-making authority. *Monell* teaches that such a decision gives rise to the School Board's potential liability under 42 U.S.C. § 1983." 28 F. 4th at 536.

Although the opinion in *Starbuck* veered off into a discussion of ratification, the School Board's decision gave rise to a constitutional violation in and of itself. That is, the School Board retains the final "say so" over a student's suspensions, including short-term suspensions. *Id.* at 533. Accordingly, the School Board's action in *Starbuck* was a decision by policy makers that gave rise to *Monell* liability. The School Board's act constituted the moving force behind the asserted constitutional violation: the alleged punishment of protected speech. *Id.* at 535. The damage claimed by Starbuck— a suspension on his permanent record—directly resulted from the School Board's actions.

In this case, the alleged review and approval by the City of Officer Reed's actions caused no damage to Plaintiff. As opposed to the circumstances in *Starbuck*, the City's actions were not an excessive use of force or malicious prosecution, and did not in and of themselves cause injury.

In short, the analysis in *Starbuck* is inapposite because the constitutional injury alleged here did not result from the City's review.

Therefore, the City cannot be liable for Officer Reed's alleged use of excessive force by reason of any alleged lack of discipline or ratification of his conduct. Accordingly, Counts 8, 9, 10, and 11 should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant City of Lynchburg respectfully moves for dismissal from the Complaint.

CITY OF LYNCHBURG

By: /s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
         johnf@guynnwaddell.com
*Counsel for Defendants*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| M. Paul Valois | Steven D. McFadgen, Sr. |
| James River Legal Associates | McFadgen Law, PLC |
| 7601 Timberlake Road | 3831 Old Forest Road, Suite 6 |
| Lynchburg, VA 24502 | Lynchburg, VA 24501 |
| Phone: (434) 845-4529 | Phone: (434) 385-4579 |
| Fax: (434) 845-8536 | FAX: (888) 873-1048 |
| Email: mvalois@vbclegal.com | Email: muchmorelaw@gmail.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
            johnf@guynnwaddell.com
*Counsel for Defendants*