IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CALVIN WESLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action: 6:24cv00032 |
| THE CITY OF LYNCHBURG and LPD OFFICER SETH REED, | ) ) ) ) |
| Defendants. | ) |

### DEFENDANT OFFICER REED'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant LPD Officer Seth Reed, by counsel, respectfully submits this memorandum in support of his motion to dismiss.

### BACKGROUND

Plaintiff alleges that Officer Reed used excessive force in violation of Plaintiff's Fourth Amendment rights when he deployed a police canine during the course of Plaintiff's arrests on March 11th and December 20th of 2021. For those same alleged acts, Plaintiff also alleges common law claims of intentional infliction of emotional distress ("IIED"). However, Plaintiff's vague allegations of emotional harm are not sufficient to support an IIED claim. Even if they were, IIED is a claim "alleging injury to the mind or emotions *in the absence of accompanying physical injury*." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 370 (2008) (emphasis added). In other words, it is a *nontactile* tort. *Ruth v. Fletcher*, 237 Va. 366, 372 (1989). Here, Plaintiff alleges emotional harm in connection with physical injuries caused by Officer Reed's alleged uses of excessive force. Such harm cannot serve as the basis for an IIED claim. Accordingly, Counts 12 and 13 ought to be dismissed from the Complaint.

ARGUMENT

I. Standard of Review under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.     Plaintiff failed to state sufficient allegations to support an IIED claim; regardless, IIED is a nontactile tort and, thus, does not apply.

To state a claim for IIED, a plaintiff must allege facts to show the defendant's conduct was (1) intentional or reckless; (2) outrageous and intolerable; (3) that it caused him emotional distress; and (4) that the emotional distress is severe. *Russo v. White*, 241 Va. 23, 26 (1991). The behavior must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. IIED claims are disfavored in Virginia and require proof by clear and convincing evidence. *Burnopp v. Carter Bank & Trust*, 2020 U.S. Dist. LEXIS 219157, at *5 (W.D. Va. Nov. 23, 2020). Each element must be pled with specificity. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 136 (2000).

Plaintiff's vague allegations of "extreme emotional distress in the form of excruciating pain, torment and fear" (Compl. ¶¶ 234, 241) are insufficient to show the requisite specific, severe emotional injury to advance his claim. *See Cole v. Oakey*, 101 Va. Cir. 288, 294 (Roanoke City Cir. Ct. 2019) (allegations of, *inter alia*, drug relapse, depression and anxiety, recurring nightmares, suicidal thoughts, and extensive therapy were insufficient to establish the requisite severe emotional distress for an IIED claim). Accordingly, Plaintiff failed to state a claim for IIED.

Even if Plaintiff had sufficiently alleged the requisite specific, severe emotional injury to state an IIED claim, IIED is not an appropriate vehicle to address the tactile wrongs allegedly executed by Officer Reed. The Supreme Court of Virginia has recognized that this claim is disfavored "because there are inherent problems in proving a claim alleging injury to the mind or emotions *in the absence of accompanying physical injury*." *SuperValu, Inc.*, 276 Va. at 370 (emphasis added).

3

Here, Plaintiff improperly conflates his damages resulting from the alleged excessive force with separate causes of action for those same damages. A claim for IIED seeks "liability in tort for a *nontactile wrong*." *Ruth*, 237 Va. at 372 (emphasis added). Plaintiff's allegations of emotional harm resulting from excessive force do not fall under the IIED umbrella under Virginia law. To hold otherwise would allow Plaintiff impermissible double recovery for the same alleged damages. Accordingly, Plaintiff's IIED claims in Counts 12 and 13 of the Complaint ought to be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant LPD Officer Seth Reed respectfully moves for dismissal of Counts 12 and 13 from the Complaint.

        OFFICER SETH REED

        By: /s/ John R. Fitzgerald
        Jim H. Guynn, Jr. (VSB #22299)
        John R. Fitzgerald (VSB #98921)
        GUYNN WADDELL, P.C.
        415 S. College Avenue
        Salem, Virginia 24153
        Phone: 540-387-2320
        Fax:    540-389-2350
        Email: jimg@guynnwaddell.com
              johnf@guynnwaddell.com
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax: (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiff*

Steven D. McFadgen, Sr.
McFadgen Law, PLC
3831 Old Forest Road, Suite 6
Lynchburg, VA 24501
Phone: (434) 385-4579
FAX: (888) 873-1048
Email: muchmorelaw@gmail.com
*Counsel for Plaintiff*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
            johnf@guynnwaddell.com
*Counsel for Defendants*