## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| **CALVIN WESLEY** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CITY OF LYNCHBURG** | ) | **Civil Action: 6:24cv00032** |
| | ) | |
| **and** | ) | |
| | ) | |
| **LPD OFFICER SETH REED,** | ) | |
| in his individual capacity, | ) | |
| *Defendants.* | ) | |

### BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW** Plaintiff, by and through his undersigned counsel, hereby submits to this Honorable Court this Brief in Opposition to Defendant City of Lynchburg's Motion to Dismiss (ECF 7).  Reference to Plaintiff's Complaint will be cited as "(Comp. *paragraph*)", and references to Defendants' Brief in Support of their Motion will be referenced as "(Def. *page*)".  In support of her Motion in Opposition, Plaintiff states unto this Honorable Court the following:

### PRELIMINARY STATEMENT

This case arises from allegations of violations of 42 U.S.C. §1983, by means of the unconstitutional use of excessive force by Defendant Seth Reed ("REED"), along with state claims against REED for civil assault and battery, intentional infliction of emotional distress, gross negligence and malicious prosecution.  Plaintiff also asserts claims based on the City of Lynchburg's unconstitutional custom of permitting excessive force by its officers, its failure to

train and to discipline its officers, as well as its municipal liability by the ratification of Reed's misconduct.

## DEFENDANTS' ARGUMENT

The City of Lynchburg contends that the Plaintiff failed to state cognizable "*Monell*" claims against the City of Lynchburg in Counts 4-11 of the Complaint. The City of Lynchburg does not move to dismiss the remaining counts (Counts 1-3 and Counts 12-17) against Defendant Seth Reed,

## LAW AND ARGUMENT

A motion to dismiss made under Federal Rule of Civil procedure 12(b)(6) tests the legal sufficiency of a complaint, and in considering such a motion the court should accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff.  See, *e.g. De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991); (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

"In actions under 42 U.S.C. §1983, as generally, a motion to dismiss pursuant to Rule 12(b)(6) should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts to support her allegations."  *District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979).  Complaints under §1983 should survive a Rule 12(b)(6) motion to dismiss where it recites "conclusory legal assertions that are supported by the

pleaded facts – even if the factual assertions are equally consistent with a contrary conclusion." *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4ᵗʰ Cir. 1989).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Matherly v. Telvista,* Case No. 4:15-cv-00058, 2016 U.S. Dist. LEXIS 40178, 2016 WL 1226999 at 6-7 (W.D. Va. March 28, 2016); citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; citing *Iqbal*, 556 U.S. at 678. "In determining facial plausibility, the court must accept all factual allegations in the Complaint as true.**"** Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations … to raise a right to relief above the speculative level …" Id.; citing *Twombly*, 550 U.S. at 555.

A dismissal under Rule 12(b)(6) can only be justified where there is a failure to state such a claim and that the plaintiff is unable to prove any set of facts that would entitle him to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[I]mportantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Cleaning Auth., Inc. v. Neubert*, 739 F.Supp.2d 807, 817 (D. Md. 2010) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4ᵗʰ Cir. 1999)). The Court's inquiry is limited to whether the allegations constitute "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See *Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1997).

Whereas, in the case at bar, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, courts must be especially concerned about the wrongs that are alleged in the Complaint and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Id., quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988). "A court…should not dismiss a complaint so long as it sets out facts sufficient to support a reasonable inference that the plaintiff is entitled to any relief the court can grant, even if that relief is not specifically requested." *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F.Supp.3d 620, 629 (W.D.Va. 2014) (quoting *Int'l Fid. Ins. Co. v. Mahogany, Inc.*, No. Civ.JKB-11-1708, 2011 W 3055251, at *2 n.1 (D.Md. June 25, 2011). See also *Revene v. Charles County Comm'rs*, 882 F.2d 870, 875 (4th Cir. 1989) ("a civil rights claimant may not be held to strict fact-pleading requirements to proceed past the pleading stage" and "in the §1983 context, the 'crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." Quoting *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988)).

I.     **COUNTS FOUR AND FIVE STATE PLAUSIBLE *MONELL* CLAIMS AGAINST THE CITY OF LYNCHBURG FOR MAINTAINING AN UNCONSTITUTIONAL POLICY OF PERMITTING EXCESSIVE AND UNREASONABLE FORCE BY ITS POLICE OFFICERS**

Counts Four and Five of the Complaint allege the same basis – namely that that the City of Lynchburg maintains a custom or practice of allowing its police officers to use unconstitutionally unreasonable and excessive force. The myriad facts and events alleged in the Complaint clearly support a pattern of conduct so egregious as to plausibly state a claim of such a policy or custom.

## II. COUNTS SIX AND SEVEN STATE PLAUSIBLE *MONELL* CLAIMS FOR FAILURE TO TRAIN LPD OFFICERS

In addition to the prior uses of excessive force enumerated in the Complaint, the Plaintiff also specifically alleged that LPD officers were unconstitutionally trained to believe that police dogs could be used to secure unarmed, fleeing misdemeanor subjects who posed on imminent threat. Complaint ¶ 134 This allegation alone is sufficient to state a plausible *Monell* "failure to train" claim. See, *City of Canton v. Harris,* 489 U.S. 378 (1989)

## III. COUNTS EIGHT AND NINE STATE PLAUSIBLE *MONELL* CLAIMS FOR FAILURE TO DISCIPLINE LPD OFFICERS

Plaintiff alleged that the none of the officers in either of the two incidents involving the Defendant were disciplined. Plaintiff also alleged that the department routinely fails to discipline its officers for unconstitutional civil rights violations in general and for their use of unreasonable and excessive force in particular. Plaintiff alleged that this failure to discipline was the result of deliberate indifference to the need for such discipline and that the failure to train was a moving force behind the Plaintiff's injuries. See, Complaint, ¶¶ 207-212 and 219-224. These allegations state plausible claims.

## IV. COUNTS TEN AND ELEVEN STATE PLAUSIBLE *MONELL* CLAIMS FOR RATIFICATION

Plaintiff alleged in Counts Ten and Eleven that the Chief of the Lynchburg Police Department, acting as the final policymaker for the Defendant City of Lynchburg, ratified the unconstitutional used of force by Defendant REED in each of the incidents alleged in the Complaint.

Plaintiff acknowledges that the Fourth Circuit has specifically ruled that a ratification theory is inappropriate in a case alleging excessive use of force by a police officer. *Franklin v. City of Charlotte,* 64 F. 4th 519, 537 (4th Cir. 2023). Plaintiff also acknowledges that this Court is bound by that ruling.

However, the Fourth Circuit's ruling is erroneous. Ratification, by definition, always occurs after an injury. It is not the ability of the final policymaker to "undo" an unconstitutional act that imposes liability for ratification upon a municipality, but instead, it is the ratification itself of a past event that imposes such liability. Essentially, ratification of an unconstitutional act by a final policymaker (with final review power over the act) is a tacit acknowledgment of an unconstitutional policy or custom chargeable to the municipality, despite the existence of another facially constitutional policy that might exist in the municipality.

## CONCLUSION

For all of the above-stated reasons, Defendant City of Lynchburg's Motion to Dismiss should be overruled.

Respectfully Submitted.

**CALVIN WESLEY**

By Counsel

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

**By: /s/ M. Paul Valois**
    **M. Paul Valois, Esquire**
    **Counsel for Plaintiff**
    **Virginia State Bar No. 72326**
    **mvalois@vbclegal.com**

**McFADGEN LAW, PLC**
**3831 Old Forest Road, Suite 6**
**Lynchburg, Virginia 24501**
**Telephone: (434) 385-4579**
**Facsimile:   (434) 900-2008**

**By: /s/ Steven D. McFadgen, Sr.**
    **Steven D. McFadgen, Sr., Esq.**
    **Counsel for Plaintiff**
    **Virginia State Bar No. 83273**
    **muchmorelaw@gmail.com**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ M. Paul Valois
M. Paul Valois