IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CALVIN WESLEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action: 6:24cv00032 |
| ) | |
| THE CITY OF LYNCHBURG and ) | |
| LPD OFFICER SETH REED, ) | |
| ) | |
|     Defendants. ) | |

## DEFENDANT CITY OF LYNCHBURG'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant City of Lynchburg (the "City"), Virginia, by counsel, respectfully submits this reply brief in support of its motion to dismiss.

### INTRODUCTION

In his brief in opposition to the City's motion to dismiss (the "Response," ECF 17)—rather than wrestle with the City's legal arguments—Plaintiff simply concludes that his litany of unsubstantiated allegations of past instances of excessive force by Lynchburg police officers "clearly" support plausible *Monell* claims against the City. He does, at least, acknowledge that the current law does not support his theory of ratification by the chief of police. The City agrees on this latter point, but reasserts that Plaintiff's list—even if assumed true—at most demonstrates that Lynchburg police officers have used force in the line of duty which has not been determined by any tribunal to have been excessive. It certainly does not show that any City official has instituted—tacitly or otherwise—a custom or policy of encouraging use of excessive force by its police officers.

1

ARGUMENT

I. **Plaintiff fails to state a *Monell* claim of Unconstitutional Custom or Practice of Excessive Force.**

Plaintiff's only support for this claim is a list of 15 separate instances in which officers allegedly used excessive force over a span of 20 years. Despite Plaintiff's uncited assertion that these unsupported allegations "clearly support a pattern of conduct so egregious as to plausibly state" such a claim (Resp. at 4), these allegations fail to reference any particular factual conduct by City officials to evidence such a policy. Moreover, the references to allegedly excessive uses of force lack information to substantiate the outcome of the incidents. Without a single allegation that there was a finding by any tribunal that the alleged uses of force violated constitutional rights, then there was no excessive force in accordance with an alleged policy.

II. **Plaintiff fails to state a *Monell* claim of Failure to Train in Constitutional Use of Force.**

In support of his claims that the LPD has failed to properly train its officers in the use of force, Plaintiff relies on the same list of unsubstantiated use of force incidents as he did for the Unconstitutional Custom or Policy claims. (Compl. ¶ 133.) Again, these conclusory allegations do not reference any particular factual conduct by City officials to support the conclusion that they failed to train their police officers and are insufficient to state a *Monell* claim. *See Jackson v. Brickey*, 771 F. Supp. 2d 593, 604 (W.D. Va. 2011).

Plaintiff further alleged that "it is clear that an obvious lack of training has caused LPD officers to believe that a police dog can be used to secure an unarmed fleeing suspect, including a suspect wanted only on a misdemeanor warrant, and who poses no imminent threat . . . ." (Compl. ¶ 134.) Contrary to Plaintiff's assertion in his response brief, he did not allege that "LPD officers were unconstitutionally *trained to believe* that police dogs could be used" in this

2

way. (Resp. at 5 (emphasis added).) Such intent by the LPD was absent from Plaintiff's allegation. Furthermore, the case cited by Plaintiff, *City of Canton v. Harris*, does not stand for the proposition that such a conclusory and unsupported allegation alone would be sufficient to state a plausible *Monell* claim for failure to train.

### III.     Plaintiff fails to state a *Monell* claim of Failure to Discipline.

Plaintiff concludes that the LPD routinely fails to discipline its officers for civil rights violations out of a deliberate indifference to the need for such discipline, and that such failure was a moving force behind Plaintiff's injuries. Such allegations are essentially "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and do not suffice.

### IV.     Ratification is not an appropriate theory of *Monell* liability in excessive force cases.

As Plaintiff acknowledges in his response brief (Resp. at 6), the Fourth Circuit in *Franklin v. City of Charlotte* has—correctly—ruled that ratification is an inappropriate theory of municipal liability in excessive force cases because any ratification, or lack thereof, by the final policymaker would have no effect on whether the past instance of excessive force actually occurred. This Court is indeed bound by that ruling.

### CONCLUSION

For the foregoing reasons, Defendant City of Lynchburg respectfully moves for dismissal from the Complaint.

        CITY OF LYNCHBURG

        By: /s/ John R. Fitzgerald
        Jim H. Guynn, Jr. (VSB #22299)
        John R. Fitzgerald (VSB #98921)
        GUYNN WADDELL, P.C.
        415 S. College Avenue
        Salem, Virginia  24153
        Phone: 540-387-2320
        Fax:    540-389-2350
        Email: jimg@guynnwaddell.com
              johnf@guynnwaddell.com
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| M. Paul Valois<br>James River Legal Associates<br>7601 Timberlake Road<br>Lynchburg, VA 24502<br>Phone: (434) 845-4529<br>Fax: (434) 845-8536<br>Email: mvalois@vbclegal.com<br>*Counsel for Plaintiff* | Steven D. McFadgen, Sr.<br>McFadgen Law, PLC<br>3831 Old Forest Road, Suite 6<br>Lynchburg, VA 24501<br>Phone: (434) 385-4579<br>FAX: (888) 873-1048<br>Email: muchmorelaw@gmail.com<br>*Counsel for Plaintiff* |

        /s/ John R. Fitzgerald
        Jim H. Guynn, Jr. (VSB #22299)
        John R. Fitzgerald (VSB #98921)
        GUYNN WADDELL, P.C.
        415 S. College Avenue
        Salem, Virginia  24153
        Phone: 540-387-2320
        Fax:    540-389-2350
        Email: jimg@guynnwaddell.com
              johnf@guynnwaddell.com
        *Counsel for Defendants*