CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

12/19/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| CALVIN WESLEY, <br><br> *Plaintiff*, <br> v. <br><br> THE CITY OF LYNCHBURG, ET AL., <br><br> *Defendants*. | CASE NO. 6:24-CV-00032 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

This excessive force case—which includes individual claims against Lynchburg Police Officer Seth Reed and *Monell* claims against the City of Lynchburg—is set for trial on April 20, 2026. The Court currently plans to trifurcate the trial into three phases: (1) liability as to Officer Reed; (2) liability as to the City of Lynchburg; and (3) any damages.

Cases that contain *Monell* claims "are good candidates for bifurcation." *Beasley v. Kelly*, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010); *see also Jones v. City of Danville*, 2021 WL 1582774, at *5 (W.D. Va. Apr. 22, 2021). Bifurcation can advance the efficient and convenient resolution of the case because where there is no "initial finding that a government employee violated a plaintiff's constitutional rights, .... no subsequent trial of the municipality is necessary." *Beasley*, 2010 WL 3221848, at *3. Equally important, bifurcation prevents the potential prejudice to individual defendants that may result from the introduction of inflammatory evidence concerning the municipality's policies, practices, or customs. *See Taylor v. Maryland*, 2010 WL 5247903, at *2 (D. Md. Dec. 16, 2010); *Beasley*, 2010 WL 3221848, at *3. This is especially true

in excessive force cases, where the *Monell* evidence would include "prior incidents of police brutality and policymakers' reactions to such incidents." *Beasley*, 2010 WL 3221848, at *3.

To avoid potential prejudice to Officer Reed and to enhance judicial efficiency, the Court plans to try the question of Officer Reed's liability first. If the jury returns a verdict against Mr. Wesley and in favor of Officer Reed, the case will be over. However, if the jury returns a verdict against Officer Reed, the Court will then allow the parties to try the City's *Monell* liability. After the jury decides the City's liability (if any), the parties can then present evidence on damages and the jury can return a final verdict allocating damages against Officer Reed and the City (should it find both to be liable).

If any party objects to this proposed procedure, they must file a brief setting forth their objections and an alternative plan for trying this case. Any briefs setting forth the objections are due on or before **February 23, 2026**. There will be no responses or replies.

IT IS SO ORDERED.

Entered this 19th day of December, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE