IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CALVIN WESLEY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civil Action: 6:24cv00032 |
| ) | |
| THE CITY OF LYNCHBURG and ) | |
| LPD OFFICER SETH REED, ) | |
| ) | |
|    Defendants. ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

Defendants, City of Lynchburg, Virginia (the "City"), and Sergeant Seth Reed ("Sgt. Reed"), by counsel, respectfully submit this reply brief in support of their respective motions for summary judgment.

ARGUMENT

**I. Sergeant Reed's motion should be granted because there are no genuine disputes of fact and the applicable law supports it.**

In his memorandum in support of his motion for summary judgment, Sgt. Reed argued, based on the undisputed video evidence, that his uses of force—particularly his uses of his K-9 against the plaintiff, Calvin Wesley—were objectively reasonable under both sets of circumstances, which involved a known dangerous criminal in Wesley actively resisting lawful arrests (as well as posing potential risk of harm to two unidentified citizen drivers). Reed cited a litany of facts on the record, as well as case law, in support of his legal arguments.

In response, Plaintiff argues essentially that there are genuine disputes of material fact that preclude summary judgment. However, he marshals no established facts in support of this assertion. In fact, Plaintiff does not give a citation to a single fact on the record that supports his

1

arguments. And there is very little, if any, analogous case law discussed. Rather, Plaintiff gives his spin on certain "[b]ody-camera timestamps", *see* Opp. Reed, ECF 40, at 5-6, and points to allegations from his complaint, *see id.* at 7-8, drawing conclusions therefrom. At this stage of the proceedings, Plaintiff's prior allegations and unsupported assertions are insufficient to create genuine disputes of material fact. *See Turner v. Wal-Mart Assocs., Inc.*, No. 23-2094, 2025 U.S. App. LEXIS 18162, at *7 (4th Cir. July 22, 2025) ("[M]ere allegations in an unverified complaint do not constitute evidence for purposes of summary judgment."); *McWhirter v. AAA Life Ins. Co.*, 622 F. App'x 364, 366 (5th Cir. 2015) ("[U]nsubstantiated assertions do not suffice to create a genuine dispute of material fact."); *Alabran v. Capital One Bank*, No. 3:04CV935, 2005 U.S. Dist. LEXIS 34158, at *3 (E.D. Va. Dec. 7, 2005) ("[U]nsupported conclusory allegations by the non-moving party are not enough to create a genuine dispute of material fact sufficient to withstand the granting of dispositive relief."); *see also Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, No. 1:13-cv-1246, 2014 U.S. Dist. LEXIS 146449, at *2 n.1 (E.D. Va. Oct. 10, 2014); *Allen v. St. Cabrini Nursing Home, Inc.*, 198 F. Supp. 2d 442, 451 (S.D.N.Y. 2002); *Hemphill v. UPS*, 975 F. Supp. 2d 548, 559 (D.S.C. 2013); *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1412 (D. Md. 1991). Therefore, Plaintiff has failed to establish that there are genuine disputes of material fact. Because the undisputed facts and applicable law support Sgt. Reed's motion for summary judgment, it should be granted.

## II. The City's unopposed motion should be granted.

Though filed as a separate document and purporting to be Plaintiff's "Memorandum in Opposition to Defendant City of Lynchburg's Motion for Summary Judgment," *see* Opp. City, ECF 41, at 1, Plaintiff's brief in opposition to the City's motion is otherwise identical to his brief in opposition to Reed's motion. Accordingly, Plaintiff does not respond to any of the City's legal

2

arguments (aside from the argument that the claims against the City fail because Plaintiff cannot support his underlying claims against Sgt. Reed). Therefore, Plaintiff concedes those arguments, and the City's motion should be granted.

## CONCLUSION

For the foregoing reasons, Defendants, City of Lynchburg, Virginia, and Sergeant Seth Reed respectfully request that the Court grant their respective motions for summary judgment and dismiss the Plaintiff's claims against them with prejudice.

                                                CITY OF LYNCHBURG, VIRGINIA and
SERGEANT SETH REED

By /s/ John R. Fitzgerald
Jim H. Guynn, Jr., Esq. (VSB # 22299)
John R. Fitzgerald, Esq. (VSB # 98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
       johnf@guynnwaddell.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax: (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiff*

Steven D. McFadgen, Sr.
McFadgen Law, PLC
3521 Campbell Avenue
Lynchburg, VA 24501
Phone: (434) 385-4579
FAX: (888) 873-1048
Email: muchmorelaw@gmail.com
*Counsel for Plaintiff*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
            johnf@guynnwaddell.com
*Counsel for Defendants*

4