**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **CALVIN WESLEY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:24cv00032** |
| | ) | |
| **CITY OF LYNCHBURG,** *et al.* | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S AMENDED RULE 26(a)(3) DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(3) and the Court's pretrial and scheduling requirements,

Plaintiff Herman Tracy Evans, by counsel, hereby provides his amended[1] pretrial disclosures as

follows:

1. **Witnesses Plaintiff Expects to Present and Anticipated Testimony**

Plaintiff expects to call the following witnesses at trial:

**CALVIN WESLEY: (Injured Plaintiff)**

1. Plaintiff will testify regarding his background, and the events leading up to law enforcement's arrests on March 11, 2021 and December 20, 2021.

2. Plaintiff will testify that, during his interaction with the responding officer(s), he was on the ground and told the officers repeatedly that they were hurting him.

3. Plaintiff will testify that, even after the police had him pinned against the vehicle on March 11, 2021, the dog was still let go to attack him as if he were trying to get away. On December 20, 2021, Plaintiff was trying to enter a vehicle and the K-9 lunged for him and pulled him down.
.

4. Plaintiff will testify that he was bitten multiple times by the dog on March 11, 2021 on the back of his leg and then on March 12, 2021 returned to the hospital with was described as heart attack symptoms. Plaintiff will also testify that he was bitten on the forearm and as a result had to have surgery to repair the laceration to the forearm.

---

1 These disclosures have been amended solely to correct the case number

5.    Plaintiff will testify on December 20, 2021, Office Reed responded to a domestic disturbance there was no violent crime afoot and no evidence that any violent crime had occurred.  At most, Plaintiff could have been arrested for a suspected misdemeanor.

6.    At the time on December 20, 2021, Plaintiff posed no physical threat to anyone and he was not acting violently.  Defendant use excessive force by commanding the K-9 to attack Plaintiff on December 20, 2021.

7.    Plaintiff will testify regarding the physical, mental, and emotional damages he suffered, including pain, emotional distress, humiliation, fear, headaches, memory lapses, permanent scarring, and permanent nerve damage.

**Brenda S. Waller, M.D.:** (Physician Expert).
2600 Memorial Ave #201, Lynchburg, VA 24501

1.    The treating physician is expected to testify regarding her education, training, licensure, and experience relevant to evaluation and treatment of traumatic injuries.

2.    The treating physician is expected to testify regarding her examination, diagnosis, and treatment of Plaintiff for injuries sustained on or about March 11, 2021, March 12, 2021 and December 20, 2021, including the nature and extent of dog-bite wounds and related trauma reflected in medical records.

3.    The treating physician is expected to testify regarding Plaintiff's clinical presentation, course of treatment, and medical condition during hospitalization as documented in the medical chart.

4.    The treating physician is expected to testify concerning causation (to a reasonable degree of medical probability) between the described dog bites and or nerve injury to the extent supported by medical documentation.

5.    The treating physician is expected to testify regarding the reasonableness and medical necessity of treatment rendered and the prognosis and permanency of any injuries reflected in the medical records.

**Mark S. Dunston**: (Police Expert)
Ocean Springs, Mississippi

1.    Plaintiff's police practices expert is expected to testify regarding qualifications, training, and experience in law enforcement practices, arrest tactics, and use-of-force standards, and to explain generally accepted police practices applicable to in-home arrests and deployment of police canines.

2.    The expert is expected to testify regarding the facts and circumstances of the March 11, 2021 incident and the December 20, 2021 incident as alleged,

2

3.      The expert is expected to testify regarding whether (and why) the force described-deployment of a police was consistent with generally accepted police practices and training under the circumstances described.

4.      The expert is expected to testify that, based on the allegations, the described use of force was disproportionate to the governmental interests at issue where Plaintiff was not fleeing either on March 11, 2021 or December 20, 2021.

5.      The expert is expected to testify regarding reasonable alternative tactics that could have been employed to gain compliance and effectuate an arrest under the circumstances described, and the risks of escalation associated with canine bite and hold deployment in an enclosed residential setting.

6.      The expert is expected to testify regarding the significance of policies, training, supervision, and discipline concerning use-of-force and canine deployment, including opinions related to municipal practices/customs and training/discipline issues as alleged.

7.      The expert will testify in accordance with his opinions and finding relevant to the issues in this case.

8.      The expert will testify in accordance with his opinions and findings relevant to the issues in this case.

Plaintiff reserves the right to call any witness identified by Defendants in their Rule 26 disclosures, pretrial disclosures, interrogatory answers, responses to requests for admission, depositions, or witness lists, and any witness necessary for impeachment or rebuttal.

**2.      Witnesses Plaintiff May Call If the Need Arises**

Plaintiff may call the following witnesses if the need arises, including for impeachment or rebuttal:

Defendant Seth Reed

Plaintiff further reserves the right to call any witness reasonably necessary to authenticate records listed below, including custodians of records for the identified medical providers

**3.      Deposition Testimony Plaintiff Expects to Offer**

Plaintiff expects to offer the deposition testimony (in whole or in part) of:

Defendant Seth Reed, Defendant
Calvin Wesley, Plaintiff

Plaintiff further reserves the right to designate any deposition testimony for impeachment or rebuttal, or as otherwise permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**4.**     **Exhibits Plaintiff Expects to Offer**

Plaintiff expects to offer the following exhibits at trial:

1.      Medical Billing for Plaintiff from Centra Health.

2.      Centra Health Subpoenaed records from Defendants – Bates # Centra 000001 through Centra 000319

3.      Community Health Center – Bates # CHC 000001 through CHC 000011

4.      Lynchburg General records from March 11, 20221 through December 20, 2021 from Plaintiff.

5.      Blue Ridge Regional Jail – Medical Records

4.      Defendant's Expert Michael W. Kmiecik, II – Report and Curriculum Vitae

5.      Plaintiff's Expert Mark S. Dunston - Report and Curriculum Vitae.

6.      Plaintiff's Expert Brenda Waller, M.D. - Report and Curriculum Vitae.

7.      Deposition of Sergeant Seth Reed.

12.     Body Cam Footage - Officer Reed for 3/11/21 and 12/20.21

13.     Body Cam Footage – Officer Bryant for 3/11/21and 12/20/21

14.     Body Cam Footage for Officer Hale for 3/11/21

15.     Body Cam Footage for Officer McLeon for 3/11/21

16.     Body Cam Footage for Officer Pearson for 3/11/21 and 12/20/21

17.     Body Cam Footage for Officer Smith for 3/11/21

18.     Body Cam Footage for Officer Bonferraro for 12/20/21

19.     Body Cam Footage for Officer Johnson for 12/20/21

20.     Body Cam Footage for Officer Parrish for 12/20/21

21.     Body Cam Footage for Officer Parvia for 12/20/21

22.     Body Cam Footage for Officer Rowland for 12/20/21

23.     K-9 Knox Service Record (Bates Defs. 1-501)

24.    Incident/Investigation Report 3/11/21 (Bates #City 498-507)

25.    Incident/Investigation Report 12/20/21 (Bates #City 508-515)

26.    Use of Force Report for 3/11/21 (Bates #City 516-526

27.    Use of Forest Report for 12/20/21 (Bates #City 527-535)

28.    Dispatch, Warrants, Pictures – 3/11/21 (Bates #City. 536-549)

29.    Dispatch, Warrants, Pictures – 12/20/21 (Bates #City 550-570)

30.    Uses of Force Written Directive (Bates #City 571-590)

31.    Use of Canine Teams Written Directive (Bates #City591-599

32.    Plaintiff's Objections and Responses to Defendant LPD Officer Seth Reed's first Set of Interrogatories.

33.    Plaintiff's Objections and Responses to Defendant LPD Officer Seth Reed's First Set of Request for Production.

34..    Defendant City's Response to Plaintiff's Rule 34 Request.

Plaintiff reserves the right to offer any exhibit listed by Defendants, any exhibit used for impeachment or rebuttal, and any demonstrative exhibit derived from the above-referenced materials.

**5.    Objections**

Plaintiff's disclosures are made based on information currently available. Plaintiff reserves all objections as to relevance, authenticity, hearsay, unfair prejudice, lack of foundation, and any other objection available under the Federal Rules of Evidence and applicable law, including objections to any defense designations of deposition testimony and defense exhibits.

**6.    Reservation of Rights**

Plaintiff expressly reserves the right to supplement or amend these disclosures as permitted by the Federal Rules of Civil Procedure, the Court's orders, and as justice may require.

**Calvin Wesley**,
By Counsel

5

/s/ M. Paul Valois_____
M. Paul Valois, Esq. VSB No. 72326
James River Legal Associates
7601 Timberlake Road
Lynchburg, Virginia  24502
Telephone:  (434) 845-4529
Facsimile:  (434) 845-8536
mvalois@vbclegal.com
Counsel for Plaintiff


and


/s/ Steven D. McFadgen, Sr._____
Steven D. McFadgen Sr., Esq. VSB No. 83273
McFadgen Law, PLC
3521 Campbell Avenue
Lynchburg, Virginia 24501
Telephone:     (434) 385-4579
Facsimile:     (434) 900-2008
muchmorelaw@gmail.com
Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing Plaintiff's Rule 26(a)(B) was mailed by first class mail, postage pre-paid this 24th day of March 2026 to the following:

Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald  (VSB #96513)
Guynn, Waddell, P.C.
415 S. College Avenue
Salem, Virginia  24153
Telephone:  540-387-2320
Facsimile:   540-389-2350
jimg@guynnwaddell.com
johnf@guynnwaddell.com
*Counsel for Defendants*

/s/ M. Paul Valois_____
M. Paul Valois, Esq. VSB No. 72326
James River Legal Associates
7601 Timberlake Road
Lynchburg, Virginia  24502
Telephone:  (434) 845-4529
Facsimile:  (434) 845-8536
mvalois@vbclegal.com
Counsel for Plaintiff

and

/s/ Steven D. McFadgen, Sr._____
Steven D. McFadgen Sr., Esq. VSB No. 83273
McFadgen Law, PLC
3521 Campbell Avenue
Lynchburg, Virginia 24501
Telephone:     (434) 385-4579
Facsimile:      (434) 900-2008
muchmorelaw@gmail.com
Counsel for Plaintiff