IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| CALVIN WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action: 6:24cv32 |
| | ) | |
| THE CITY OF LYNCHBURG and | ) | |
| LPD OFFICER SETH REED, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO QUASH PLAINTIFF'S WITNESS SUBPOENAS

Defendants, City of Lynchburg, Virginia and Sergeant Seth Reed (together, the "Defendants"), by counsel, respectfully move this Court to quash certain of Plaintiff's witness subpoenas to appear and testify at trial, and in support state as follows:

1.      On April 2, 2026, Plaintiff issued seven (7) subpoenas (the "Subpoenas"), attached hereto as **Exhibit A**, to witnesses whom the Plaintiff did not disclose in his Rule 26(a)(3) Pretrial Disclosures (ECF 48).

2.      Those witnesses include: (i) Shanna Wesley; (ii) Officer Austin Rowland; (iii) Lt. Vernon Parrish; (iv) Detective Thomas Hall; (v) Officer Michael McLeod; (vi) Detective Collin Chase Bryant; and (vii) Lt. Brian Smith.

3.      In his Pretrial Disclosures, Plaintiff only disclosed the following expected witnesses: (i) Calvin Wesley (Plaintiff); (ii) Brenda S. Waller, M.D. (Physician Expert); (iii) Mark S. Dunston (Police Expert) and the following potential witness: Seth Reed (Defendant).

4.      While Plaintiff did, in his Pretrial Disclosures, also reserve the right "to call any witness identified by Defendants in their Rule 26 disclosures, pretrial disclosures, interrogatory answers, responses to requests for admission, depositions, or witness lists," ECF such blanket

reservations are not sufficient to satisfy the disclosure requirements under Federal Rule of Civil Procedure 26(a)(3).

5.      Rule 26(a)(3) imposes an affirmative obligation on each party to disclose the names of witnesses they intend to call at trial at least 30 days before trial, unless otherwise ordered by the court. *United States v. $134,750 United States Currency*, 535 F. App'x 232, 237 (4th Cir. 2013).

6.      This obligation exists regardless of whether the opposing party has identified those witnesses in their own disclosures. *Id.*

7.      The purpose of this rule is to ensure that all parties are adequately prepared for trial and to avoid unfair surprise. *Russell v. Absolute Collection Servs.*, 763 F.3d 385, 396 (4th Cir. 2014); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017).

8.      Failure to comply with Rule 26(a) can result in significant consequences under Rule 37(c)(1). Specifically, a party that fails to disclose or identify a witness as required by Rule 26(a) is prohibited from using that witness to supply evidence at trial unless the failure was substantially justified or is harmless. *Bresler*, 855 F.3d at 190; *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003); *Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014); *Benjamin v. Sparks*, 986 F.3d 332, 341 (4th Cir. 2021).

9.      Plaintiff's failure to disclose the witnesses sought by his Subpoenas is neither justified nor harmless, as Plaintiff was fully aware of these witnesses via discovery prior to filing his Pretrial Disclosures, and allowing said witnesses to testify in Plaintiff's case-in-chief is likely to benefit Plaintiff's case at the expense of Defendants' case and any potential Rule 50(a) motion.

10.      Furthermore, courts have emphasized that these disclosure requirements are critical to the orderly management of litigation and to prevent unfair prejudice to the opposing party. *Bresler*, 855 F.3d at 210; *Wilkins*, 751 F.3d at 221.

11.     Additionally, while Rule 26(e) allows for supplementation of disclosures if new information arises, this duty to supplement does not excuse a party from making timely and complete initial disclosures. Fed. R. Civ. P. 26.

12.     Any additions or changes to witness lists must be disclosed by the time pretrial disclosures are due. *Id.*

13.     Accordingly, the Subpoenas should be quashed, and the undisclosed witnesses called thereby to appear and testify ought not be permitted to testify during Plaintiff's case-in-chief.

WHEREFORE, Defendants, City of Lynchburg, Virginia and Sergeant Seth Reed, respectfully move this Court to quash the Subpoenas and prohibit the Plaintiff from calling the undisclosed witnesses identified in the Subpoenas in his case-in-chief.

CITY OF LYNCHBURG, VIRGINIA and
SERGEANT SETH REED

By /s/ John R. Fitzgerald
Jim H. Guynn, Jr., Esq. (VSB # 22299)
John R. Fitzgerald, Esq. (VSB # 98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
        johnf@guynnwaddell.com
*Counsel for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2026, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax: (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiff*

Steven D. McFadgen, Sr.
McFadgen Law, PLC
3521 Campbell Avenue
Lynchburg, VA 24501
Phone: (434) 385-4579
FAX: (888) 873-1048
Email: muchmorelaw@gmail.com
*Counsel for Plaintiff*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
          johnf@guynnwaddell.com
*Counsel for Defendants*

4