CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

4/10/2026
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

|  |  |
|---|---|
| CALVIN WESLEY, | CASE No. 6:24-CV-00032 |
| *Plaintiff,* |  |
| v. | **ORDER** |
| LPD OFFICER SETH REED,[1] |  |
| *Defendants.* | JUDGE NORMAN K. MOON |

In this § 1983 excessive force and malicious prosecution case, Sergeant Seth Reed ("Reed") moves to quash seven of Calvin Wesley's witness subpoenas for the trial in this case, currently set to begin April 20, 2026. Dkt. 54.[2] Wesley issued the seven challenged subpoenas on April 2, 2026, requesting each witness' presence on the first day of trial. Dkt. 54-1. Reed argues these subpoenas should be quashed as Wesley "did not disclose" these seven witnesses in his "Rule 26(a)(3) Pretrial Disclosures." Dkt. 54 ¶ 1. Wesley had not responded to this motion. For reasons stated below, the Court denies the motion.

Federal Rule of Civil Procedure 26(a)(3) requires parties to "promptly file . . . the name . . and address . . . of each witness" "that [they] may present at trial" "at least thirty days before trial." This rule seeks to allow parties "to adequately prepare their cases for trial and to avoid unfair

---

[1]    The underlying motion moves to quash on behalf of Sergeant Reed and the City of Lynchburg. Dkt. 54. However, as the City has been dismissed as a party to the case by recent Court order, the motion to quash will be construed on behalf of Reed only. Dkt. 56.

[2]    Specifically, Reed moves to quash Wesley's subpoenas for (i) Shanna Wesley; (ii) Officer Austin Rowland; (iii) Lt. Vernon Parrish; (iv) Detective Thomas Hall; (v) Officer Michael McLeod; (vi) Detective Collin Chase Bryant; and (vii) Lt. Brian Smith. Dkt. 54 ¶ 2. All seven witnesses are listed in Reed's pre-trial disclosure, filed March 30, 2026. Dkt. 51.

surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). Courts generally prohibit parties from adding witnesses after the Rule 26(a)(3) disclosure deadline unless the failure to disclose earlier was "substantially justified" or "harmless." Fed. R. Civ. Pro. 37(c)(1). In making this determination, courts consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

> *See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *Rambus. Inc. v. Infineon Tech. AG*, 145 F. Supp. 2d 721, 726 (E.D. Va. 2001).

Each challenged witness is also a witness Reed plans to call (or may call) at trial; therefore, very little surprise exists, and very little trial disruption would occur by allowing the witnesses to testify during Wesley's case-in-chief. As to the evidence's importance, six of the challenged witnesses are Lynchburg Police Department (LPD) officers who were either at the scene of the challenged arrests or who participated in the use of force investigations following them. Dkt. 51. These witnesses, along with Shanna Wesley who may have "interactions, involvement, and communications" relating to the arrests, are important to Wesley's case-in-chief as police conduct is central to any excessive force claim. *Id.* Although the Court cannot consider Wesley's "explanation for [his] failure to disclose" his plans to call these witnesses by the Rule 26(a)(3) deadline as he has not filed a response to the motion to quash, the majority of factors support denial of the motion. *S. States Rack*, 318 F.3d at 597. Wesley's late disclosure, therefore, is harmless.[3]

Because Reed listed these witnesses in his Rule 26(a)(3) disclosure, and because Reed had almost three weeks after Wesley filed the additional subpoenas before trial, it cannot reasonably

---

[3]    Reed's motion argues the change is "neither justified nor harmless," but gives no specifics as to the harm the delayed disclosure causes. Dkt. 54 ¶ 9.

be said that these witnesses are "unexpected" and that Wesley's delayed disclosure "left [Reed] without adequate opportunity to prepare" for trial. *See Michelone v. Desmarais*, 25 Fed. App'x 155, 158 (4th Cir. 2002) (unpublished). The Court **DENIES** Reed's motion to quash subpoenas of undisclosed witnesses. Dkt. 54.

It is **SO ORDERED**.

The Clerk of Court is directed to send a copy of this order to all counsel of record.

Entered this 10th day of April, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE