**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **CALVIN WESLEY** | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CITY OF LYNCHBURG** | ) | **Civil Action: 6:24cv00032** |
| | ) | |
| **and** | ) | |
| | ) | |
| **LPD OFFICER SETH REED** | ) | |
| *in his individual capacity* | ) | |
| *Defendants*. | ) | |

### PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

**.I.    Background Information**

1. Please state your name, county or city of residence, and occupation.

2. Are you married or in a domestic partnership? If so, what is your spouse's occupation?

3. Do you have any children? If yes, what are their ages and occupations?

4. Have you or any close family member ever worked for a law-enforcement agency, security company, correctional facility, or prosecutor's office?

**Follow-ups for cause:**

- Would that relationship make it difficult for you to sit in judgment of a police officer?

- Would you tend to believe a police officer's testimony simply because of that relationship?

5. Have you or a close friend ever been employed by or contracted with the **City of Lynchburg Police Department** or any other law-enforcement department?

6. Have you ever contributed to or volunteered for any law-enforcement departments, associations or foundations?

## .II.    Prior Experience with Law-enforcement

7. Have you ever had personal contact or interaction with law-enforcement officers, either positive or negative?

8. Have you, a family member, or close friend ever been arrested, detained, or charged with a criminal offense?

**Follow-up:**

- Would that experience make you more sympathetic toward the Plaintiff or more likely to believe police officers were justified?

9. Have you, a family member, or close friend ever filed a complaint, grievance, or lawsuit against a police officer or government agency?

**Follow-up:**

- Would that experience affect your ability to judge this case fairly based only on the evidence presented?

10. Have you ever served on a criminal or civil jury before? If so, what type of case was it and were you able to reach a verdict?

**Follow-up:**

- Did anything about that experience leave you with negative feelings toward either side in a lawsuit?

### .III.    Views on Police and Use of Force

11. Do you believe that law-enforcement officers should be held accountable if they engage in misconduct?

12. Do you believe that what might begin as a reasonable use of force by a police officer can become unreasonable if the force becomes unnecessary or excessive during an incident?

13. Do you believe that law-enforcement officers should always be trusted to tell the truth simply because they are officers?

**Follow-up:**

- If you heard conflicting testimony between a police officer and a civilian, would you automatically side with the officer?

14. Do you believe a police officer's use of force is always justified if a person does not immediately obey an order?

**Follow-up:**

- Could you consider that some uses of force might still be unreasonable or excessive even if the person did not comply right away?

15. Do you believe there are circumstances where a police officer could use excessive or unreasonable force? If so, what might those circumstances be?

**Follow-up:**

- Would you be willing to hold an officer accountable if the evidence showed excessive force under the law?

16. Have you or anyone you know ever been bitten, attacked, or threatened by a police dog (K-9)?

3

**Follow-up:**

- Would that experience affect your ability to be fair to either party in a case involving a police dog?

17. Do you have any strong feelings about the use of police dogs to apprehend or control suspects?

**Follow-up:**

- Do you believe using a police dog to bite or hold a suspect is always justified, or does it depend on the circumstances?

18. Would you have difficulty awarding damages against a police officer if the evidence showed he used unreasonable or excessive force?

**Follow-up:**

- If the evidence convinced you that a police officer acted unlawfully, could you return a verdict against that officer even though he wears a badge?

**.IV.   Views on Civil Rights and Lawsuits Against Government Officials**

19. Do you believe citizens should be able to sue police officers or municipalities for violating constitutional rights?

**Follow-up:**

- If not, could you still follow the Court's instruction that the law permits such lawsuits under federal statute § 1983?

20. Do you believe there are too many lawsuits filed against police officers?

**Follow-up:**

- Would that belief make it hard for you to be fair to the Plaintiff in this case?

4

21. Do you believe that awarding damages against a police officer might discourage effective law enforcement?

**Follow-up:**

- If the Court instructs you that damages are an appropriate legal remedy, could you set aside that concern and follow the law?

22. Would the fact that the **City of Lynchburg** is a defendant cause you to hesitate to return a verdict against it if the evidence warranted?

**Follow-up:**

• Do you believe the City or its officers should receive special consideration because they serve the public?

## .V.    Attitudes Toward Damages and Accountability

23. Do you believe money damages can fairly compensate a person for physical injuries and emotional distress?

**Follow-up:**

- Would you refuse to award money damages regardless of the evidence?

24. Do you have any moral, religious, or philosophical belief that would prevent you from awarding monetary damages, including punitive damages, if justified by the evidence

**Follow-up:**

- Would those beliefs prevent you from following the Court's instructions on damages?

25. Do you believe punitive damages should never be awarded in civil cases?

**Follow-up:**

- If the Court instructs that punitive damages may be awarded under certain circumstances, could you apply that law fairly?

## .VI.    Ability To Be Fair and Impartial

26. Do you have any opinions or experiences that might make it difficult for you to be fair to both the Plaintiff and the Defendants in this case?

**Follow-up:**

- Would those feelings prevent you from basing your verdict solely on the evidence and the Court's instructions?

27. If the evidence showed that a police officer violated a citizen's constitutional rights, could you find in favor of the citizen even though the defendant was a police officer?

**Follow-up:**

- Would the fact that the Defendant is a police officer make it difficult for you to find him liable, even if the evidence justified it?

28. Is there any reason—personal, professional, or otherwise—that would prevent you from following the law as the Court instructs, even if you personally disagreed with it?

## .VII.    Perceptions of K9s as "Tools" vs. "Animals"

29. The "Uncontrollability" Factor**:** Do you believe that once a police dog is ordered to attack, it should obey commands from its handler immediately to stop the attack?

6

**Follow-up:**

- If the evidence shows a dog continued to bite after a "release" command, would you be open to finding that the handler's failure to control the dog constituted excessive force?

30. Pain vs. Compliance: Do you believe that the pain caused by a dog bite is a necessary part of getting a suspect to comply, even if the suspect is already on the ground or surrounded?

31. Fear or Love of Dogs: Do you have a significant fear of dogs, or conversely, a deep emotional attachment to them (e.g., "dogs are just doing their jobs") that would make it hard for you to view a police dog strictly as a "use of force" tool?

## .VIII.  Objective Reasonableness & § 1983 Standards

32. While the law recognizes that law-enforcement officers sometimes have to make make split-second decisions, do you believe an officer's decision should *never* be questioned if they claim they felt a threat?

33. Active Resistance vs. Passive Non-Compliance: Can you distinguish between a suspect who is actively fighting an officer and one who is simply not complying or is confused or incapacitated or distracted by pain?

34. Severity of the Crime**:**  Do you believe it is appropriate to use a police dog to bite a suspect accused of even minor crimes?

## .IX.  Assessing Damages for "Invisible" Injuries

35. Emotional Trauma**:** Beyond the physical scars of a bite, do you believe a person can suffer significant, long-term psychological trauma from being attacked by a dog?

7

**Follow-up:**

- Would you be able to award damages for "pain and suffering" or "PTSD" if the physical wounds have mostly healed?

36. The "Clean Hands" Bias**:** Mr. Wesley has been "in trouble" with the law before.  Do you think that means he is less entitled to enforce his rights than someone who hasn't been in trouble?

## .X.    Conclusion

37. Having heard the nature of this case—an alleged use of excessive force by a Lynchburg Police Officer resulting in physical injury—do you have any feelings that would make it difficult for you to serve fairly and impartially?

38. Is there any reason you would prefer not to serve as a juror in this case?

Respectfully Submitted

**CALVIN WESLEY**
By Counsel

JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, Virginia 24502
P (434) 845-4529
F (434) 845-8536

By: /s/ M. Paul Valois
    M. Paul Valois, Esquire
    Counsel for Plaintiff
    Virginia State Bar No. 72326
    mvalois@vbclegal.com

McFADGEN LAW, PLC
3521 Campbell Avenue

8

Lynchburg, Virginia 24501
Telephone: (434) 385-4579
Facsimile:   (434) 900-2008

By: /s/ Steven D. McFadgen, Sr.
    Steven D. McFadgen, Sr., Esq.
    Counsel for Plaintiff
    Virginia State Bar No. 83273
    muchmorelaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
Guynn, Waddell, P.C.
415 S. College Avenue
Salem, Virginia 24153
Telephone:  540-387-2320
Facsimile:  540-389-2350
jimg@guynnwaddell.com
johnf@guynnwaddell.com
*Counsel for Defendants*

/s/ M. Paul Valois
JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, Virginia 24502
Telephone: (434) 845-4529
Facsimile:  (434) 845-8536
mvalois@vbclegal.com
*Counsel for Plaintiff*

s/ Steven D. McFadgen, Sr.
Steven D. McFadgen Sr., Esq. (VSB# 83273)
McFadgen Law, PLC
3831 Old Forest Road, Suite 6
Lynchburg, Virginia 24501
Telephone:    (434) 385-4579
Facsimile:     (434) 900-2008
muchmorelaw@gmail.com
*Counsel for Plaintiff*

10