**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **CALVIN WESLEY** | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CITY OF LYNCHBURG** | ) | **Civil Action: 6:24cv00032** |
| | ) | |
| **and** | ) | |
| | ) | |
| **LPD OFFICER SETH REED** | ) | |
| *in his individual capacity* | ) | |
| *Defendants.* | ) | |

**PLAiNTIFF'S PROPOSED JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

| Instruction No. | | Title | Page |
|---|---|---|---|
| 1. | Duty to Follow Instructions | | 4 |
| 2. | Equal Standing | | 5 |
| 3. | Evidence | | 6 |
| 4. | Direct vs. Circumstantial Evidence | | 7 |
| 5. | Excluding argument of Counsel and Comment of Court | | 8 |
| 6. | Credibility of Witnesses | | 9 |
| 7. | Impeachment | | 10 |
| 8. | Exhibits, Stipulations, and Demonstratives | | 11 |
| 9. | Burden of Proof | | 12 |
| 10. | Excessive Force Liability | | 13 |
| 11. | Excessive Force-Intent | | 14 |
| 12. | Excessive Force-Determining Liability | | 15 |
| 13. | Definition of Gross Negligence | | 16 |
| 14. | Definition of Willful and Wanton Conduct | | 17 |
| 15. | Definition of Negligence | | 18 |
| 16. | Negligence: Issues and Allocations of Burden of Proof | | 19 |
| 17. | Finding Instruction: Gross or Willful and Wanton Negligence | | 20 |
| 18. | Gross Negligence Willful or Wanton Negligence | | 21 |

| Instruction No. | Title | Page |
|---|---|---|
| 19. | Definition of Proximate Cause | 22 |
| 20. | Malicious Prosecution | 23 |
| 21. | Definition of Probable Cause | 24 |
| 22. | Definition of Battery | 25 |
| 23. | Lawful Arrest: Reasonable Force | 26 |
| 24. | Burden of Proof:  Battery | 27 |
| 25. | Finding Instruction: Battery | 28 |
| 26. | Compensatory Damages- Assault and Battery | 29 |
| 27. | Compensatory or Nominal Damages | 30 |
| 28. | Punitive Damages | 31 |
| 29. | Duty to Deliberate | 32 |
| 30. | Verdict Form - Instruction | 33 |
|  | Proposed Verdict Form | 34 |

## Jury Instructions

**Members of the Jury:**

**You have now heard all of the evidence in the case. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.**

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened in the case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you. And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

**Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)**

**Instruction No. 1**

## EQUAL STANDING

In this case, the Defendants are governmental officials while the Plaintiff is a private citizen. All parties are equal before the law and are to be dealt with as equals in a court of justice. All parties are entitled to the same fair consideration. You are thus not to afford any more credibility to statement made by a witness or a party because he is a governmental official, and you are not to afford any less credibility to statement made by a witness or a party because he is or was a private citizen.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Furthermore, I tell you that an individual who has been charged with or convicted of a crime is entitled to the same fair and impartial consideration of this case as is any person before the court. Such individual does not forfeit his constitutional rights merely by virtue or his arrest or conviction.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)

Instruction No. 2

## EVIDENCE

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Testimony or evidence that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Anything you may have seen or heard outside the courtroom is not evidence and must be completely disregarded. In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in light of your own experience.

Put differently: you may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in this case.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)

**Instruction No. 3**

6

## DIRECT VS. CIRCUMSTANTIAL EVIDENCE

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as testimony from an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. The law makes no distinction between direct and circumstantial evidence and you should give all evidence the weight and value you believe it is entitled to.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)

Instruction No. 4

## EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

Any statements, objections, or arguments made by the lawyers are not evidence in the case. It is the duty of the attorneys for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by the court.

You should not harbor any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

My rulings on the admissibility of evidence do not indicate any opinion about the weight of or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. It is your own recollection and interpretation of the evidence that controls the case. What the lawyers say is not binding upon you.

During the course of a trial, I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

**Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)**

**Instruction No. 5**

## CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. You may call upon your own experience and background in your everyday affairs in determining the reliability or unreliability of statements made by others. In weighing the testimony of a witness, you should consider the following:

(1) The witness's relationship to the Plaintiff or to the Defendant;
(2) The witness's interest, if any, in the outcome of the case;
(3) The witness's manner of testifying;
(4) The witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified;
(5) The witness's candor, fairness and intelligence; and
(6) The extent to which the witness has been supported or contradicted by other credible evidence.

You may accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)

Instruction No. 6

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or any crime where proof of a dishonest act or false statement was required for conviction, is also a factor you may consider in weighing the credibility of that witness. The fact of such conviction does not necessarily destroy the witness's credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)

Instruction No. 7

## EXHIBITS, STIPULATIONS, AND DEMONSTRATIVES

**In addition to the testimony of witnesses, the evidence in this case consists of any and all exhibits that have been received into evidence. Additionally, the parties have stipulated, or agreed, that certain facts should be considered true, you must treat those facts as having been proved for the purpose of this case.**

**Certain diagrams may have been shown to you. Those diagrams are use for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts if not admitted into evidence.**

**Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)**

**Instruction No. 8**

**BURDEN OF PROOF**

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence," which is the greater weight of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so. To state it differently: if you were to put the evidence favorable to the Plaintiff and the evidence favorable to the Defendants on opposite sides of a scale, the Plaintiff would need to have tipped the scales somewhat to his side.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this, so you should put it out of your mind.

**Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)**

**Instruction No. 9**

## EXCESSIVE FORCE LIABILITY

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. The Plaintiff claims the Defendant used excessive force when he arrested him. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effectuate the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all the evidence received in the case.

In order to succeed on his claim, the Plaintiff must prove by a preponderance of the evidence that the Defendant used excessive force against him on the date of his arrest. You must decide whether the use of force was excessive from the perspective of a reasonable officer facing the same circumstances. You must allow for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving. You must make this decision based on what the Defendant actually knew at the time each distinct act of force was used, not based on what you know now.

Whether an initial use of force was justified does not necessarily mean that all later uses of force were also justified. In deciding whether the use of force was excessive, you should consider the totality of the circumstances, including:

(1) The need for the application of force;
(2) The severity of the crime at issue;
(3) Whether the Plaintiff posed an immediate threat to the safety of the officers or others, as perceived by the Defendant at that time;
(4) The amount of force actually used;
(5) The relationship between the threat posed and the actual force;
(6) Whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight;
(7) The extent of the injury suffered by the Plaintiff;
(8) Whether a reasonable officer, without the benefit of hindsight, would have used that much force; and
(9) Whether the Defendant could have obtained compliance through alternative uses of force

**Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)**

**Instruction No. 10**

## EXCESSIVE FORCE - INTENT

**In deciding whether the Plaintiff has proven that the Defendant used excessive force against him, I tell you that the Defendant's intentions are not to be considered. The Plaintiff must show only that the force used against him was objectively unreasonable.**

**Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)**

**Instruction No. 11**

## EXCESSIVE FORCE - DETERMINING LIABILITY

If you find, by a preponderance of the evidence, that the Plaintiff has proved that the Defendant used excessive force against him, then you should find for the Plaintiff and against the Defendant. Then, go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has not proved the Defendant used excessive force against him , then you should find for the Defendant, and you will not consider the question of damages.

**Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)**

**Instruction No. 12**

15

## DEFINITION OF GROSS NEGLIGENCE

"Gross negligence" is that degree of negligence which shows such indifference to others as constitutes an utter disregard of caution amounting to a complete neglect of the safety of another person. It is such negligence as would shock fair-minded people, although it is something less than willful recklessness

**Source:  Va. Model Civil Jury Instruction No. 4.030**

**Instruction No. 13**

## DEFINITION OF WILLFUL AND WANTON CONDUCT

"Willful and wanton conduct" is acting consciously in disregard of another person's rights or acting with a reckless indifference to the consequences to another person when the Defendant is aware of his conduct and is also aware, from his knowledge of existing circumstances and conditions, that his conduct would probably result in injury to another.

**Source:  Va. Model Civil Jury Instruction No. 4.040**

**Instruction No. 14**

17

## DEFINITION OF NEGLIGENCE

Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case.

Source:  Va. Model Civil Jury Instruction No. 4.000

Instruction No. 15

**NEGLIGENCE: ISSUES AND ALLOCATIONS OF BURDENS OF PROOF**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1)    Was the Defendant negligent?

(2)    If the Defendant was negligent, was the Defendant's negligence a proximate   cause of the accident?  On these issues the Plaintiff has the burden of proof.

(3)    If the Plaintiff is entitled to recover, what is the amount of the Plaintiff's damages? On this issue the Plaintiff has the burden of proof.

Your decision on these issues must be governed by the instructions that follow.

**Source:  Va. Model Civil Jury Instruction No. 3.000 (modified to delete contributory negligence)**

**Instruction No. 16**

19

**Finding Instruction – Gross or Willful and Wanton Negligence**

You shall find your verdict for the Plaintiff if the Plaintiff has proved by the greater weight of the evidence that:

(1)    the Defendant was negligent; and that

(2)    the Defendant's negligence was a proximate cause of the Plaintiff's injury and damages.

You shall find your verdict for the Defendant if:

(1)    the Plaintiff failed to prove either or both of the two elements above.

**Source:  Va. Model Civil Jury Instruction No. 3.050 (modifed to delete contributory negligence)**

**Instruction No. 17**

20

## BURDEN OF PROOF – GROSS NEGLIGENCE WILLFUL OR
## WANTON NEGLIGENCE

The Plaintiff has the burden of proving by the greater weight of the evidence that the Defendant was either grossly negligent or willfully or wantonly negligent and that the Defendant's negligence was a proximate cause of the accident and any of the injuries to the Plaintiff.

**Source:  Va. Model Civil Jury Instruction No. 4.010**

**Instruction No. 18**

**Definition of Proximate Cause**

A proximate cause of an injury is a cause that, in natural and continuous sequence, produces the injury. It is a cause without which the injury would not have occurred.

**Source:  Va. Model Civil Jury Instruction No. 5.000**

**Instruction No. 19**

22

## MALICIOUS PROSECUTION

The Plaintiff has a claim for malicious prosecution. To establish this cause of action, the Plaintiff must prove five basic elements:

(1)  The Defendant must have instituted, or been the moving force in the institution of a criminal proceeding.

(2)  The proceeding must be instituted or continued without probable cause.

(3)  The proceeding must have terminated without a conviction.

(4)  Damages must have resulted.

First, in determining whether the Defendant instituted the criminal proceeding, you may consider evidence that the Defendant sought and obtained an arrest warrant from a magistrate charging the Plaintiff with a crime.

Second, the Plaintiff must prove the absence of probable cause for his arrest. The existence of probable cause on the charges of assaulting a police officer is a complete defense to a malicious prosecution action. You are reminded *of* the definition of probable cause that I gave you and that the burden of proof for a conviction, beyond a reasonable doubt, is greater than probable cause to make an arrest.

Third, the Plaintiff must prove that he was not convicted of the charge.

Finally, you must find that the Plaintiff suffered damages, and that the actions of the Defendant were the proximate cause of those damages. You are instructed that the filing of a criminal complaint and an indictment by a grand jury normally immunizes investigating officers from damages suffered thereafter because it is presumed that the prosecutor filing the criminal complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time. To rebut the presumption of independence, the Plaintiff must offer evidence that the Defendant intentionally misrepresented, withheld, or falsified evidence.

Source:  <u>Evans v. Chalmers</u>, 703 F.3d 636 (4th Cir. 2012) modified to clarify that "favorable termination" requires only proof of a lack of a conviction (not affirmative indication of innocence) pursuant to the ruling in <u>Thompson v. Clark</u>, 596 U.S. 36 (2022)

Instruction No. 20

## DEFINITION OF PROBABLE CAUSE

**Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a prudent and cautious person to believe that the accused is guilty of the offense with which he is charged. Probable cause does not require proof beyond a reasonable doubt; it requires only a reasonable belief, based on facts, that the accused probably committed the offense.**

**Sources:   Sanders v. Palmer, 55 F. 217 (2nd Cir. 1893) and Jaben v. United States, 381 U.S. 214 (1965)**

**Instruction No. 21**

## DEFINITION OF BATTERY

A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other.

**Source:  Va. Model Civil Jury Instruction No. 36.000**

**Instruction No. 22**

## LAWFUL ARREST: REASONABLE FORCE

**An officer has the right to use reasonable force to make a lawful arrest. Use of that force is not an assault or battery. Within reasonable limits, an officer is the judge of the amount of force necessary to make a lawful arrest.**

**Any force used in making an unlawful arrest is an assault and battery.**

**Source: Va. Model Civil Jury Instruction No. 36.000**

**Instruction No. 23**

## BURDEN OF PROOF: BATTERY

The burden is on the Plaintiff to prove battery by the greater weight of all the evidence.

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive, when evaluated against all the evidence that has been admitted in the case. The testimony of one witness whom you believe can be the greater weight of the evidence.

**Source:  Va. Model Civil Jury Instruction No. 36.050**

**Instruction No. 24**

## FINDING INSTRUCTION: BATTERY

You shall find your verdict for the Plaintiff if he proved by the greater weight of the evidence that:

(1) The Defendant intentionally touched the Plaintiff; and
(2) the touching was unwanted; and
(3) the touching was without justification, excuse, or the Plaintiff's consent.

You shall find your verdict for the Defendant if the Plaintiff failed to prove one or more of the above elements.

**Source:  Va. Model Civil Jury Instruction No. 36.070**

**Instruction No. 25**

## COMPENSATORY DAMAGES – ASSAULT AND BATTERY

If you find your verdict in favor of the Plaintiff, then in determining the damages to which he is entitled you may consider any of the following you believe by the greater weight of the evidence was caused by the battery committed by the Defendant:

(1) all financial loss resulting from the injury the defendant caused to the Plaintiff;
(2) all physical injury the plaintiff suffered;
(3) any shame, humiliation, embarrassment, or indignity the plaintiff suffered.

In awarding damages, you may also consider the insulting character of the injury to the Plaintiff, the Defendant's reason for injuring the plaintiff, and any other circumstances shown by the evidence which make the injury more serious.

Your verdict shall be for such sum as will fairly and fully compensate the plaintiff for the damages sustained as a result of the assault and battery.

Source:  Va. Model Civil Jury Instruction No. 36.090

Instruction No. 26

29

## COMPENSATORY OR NOMINAL DAMAGES

If you find the Defendant liable, then you must consider the issue of compensatory damages. You must award the Plaintiff an amount that will fairly compensate him for any injury he sustained as a result of any excessive force. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. However, compensatory damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. But the law does not require that he prove the amount of his losses with mathematical precision; it only requires as much definiteness and accuracy as circumstances permit.

Here, the Plaintiff claims the following items of damages:

(1) Physical harm, including physical pain and discomfort; and
(2) Emotional and mental harm suffered during and after the events at issue, including fear, humiliation, and mental anguish, as well as emotional and mental harm that the Plaintiff is reasonably certain to suffer in the future.

No evidence of the dollar value of such pain needs to be introduced. There is no exact standard for determining the damages awarded based on pain and suffering.

You are to determine an amount that will fairly compensate Plaintiff for the injury. The law that applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages of one dollar.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)

Instruction No. 27

## PUNITIVE DAMAGES

In addition to the damages mentioned in other instructions, you may also award punitive damages to the Plaintiff under some circumstances. To obtain punitive damages, the Plaintiff must prove by a preponderance of the evidence that the Defendant either knew that his actions violated federal law or acted in reckless or callous indifference to the Plaintiff's safety or rights.

If the Plaintiff satisfies this requirement, it is entirely up to you whether or not to award punitive damages. But it should be presumed that the Plaintiff has been made whole by compensatory damages, so you should award punitive damages only if you believe the Defendant's conduct requires further sanctions to achieve proper punishment or to deter others from similar conduct in the future.

If you decide to award punitive damages, the amount to be awarded is also within your sound discretion.  You may consider the following factors in arriving at a punitive damage award:

(1) The nature of the Defendant's conduct (how blameworthy it was);
(2) The impact of that conduct on the Plaintiff;
(3) Whether there was violence, intentional malice, or reckless disregard for health or safety;
(4) Whether there was any repetition of the same sort of wrongful conduct that harmed the Plaintiff;
(5) Whether and to what extent the Defendant needs to be punished in order to discourage the Defendant and others from similar conduct in the future;
(6) The likelihood that the Defendant or others would repeat the conduct if the punitive award is not made; and
(7) Any other circumstances shown by the evidence, including mitigating circumstances that bear on the question of the size of the award.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)

Instruction No. 28

## DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)

Instruction No. 29

## VERDICT FORM

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

## [Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have the foreman fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

Source:  Instruction given in Wyatt v. Owens (7:14-cv-00492)
Instruction No. 30

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| **CALVIN WESLEY**                                   ) | |
|             *Plaintiff,*                            ) | |
|                                                     ) | |
| **v.**                                              ) | **Civil Action: 6:24cv00032** |
|                                                     ) | |
| **LPD OFFICER SETH REED**                           ) | |
|             *in his individual capacity*            ) | |
|                                *Defendants.*        ) | |

# JURY VERDICT FORM

We, the jury, unanimously, find the following by a preponderance of the evidence:

**I. Excessive Force (Counts 1 and 2):**

1.  **COUNT 1**: Did the Defendant, Seth Reed, use excessive force in apprehending, arresting and restraining Mr. Wesley on March 11, 2021?

    _____ Yes.                              _____ No.

2.  **COUNT 2**: Did the Defendant, Seth Reed, use excessive force in apprehending, arresting and restraining Mr. Wesley on December 20, 2021?

    _____ Yes.                              _____ No.

    If your answers to both questions in this section (Section I) are "No." then enter judgment for the Defendant on Count 1 and Count 2 by marking the line below and then proceed to answer the question in the next section (Section II). However, if your answer to either of the questions in this section (Section I) are "Yes." then do not select the instruction below and proceed to the next section (Section II).

    _____ Having found that the Defendant, Seth Reed, did not use excessive force in arresting and restraining Mr. Wesley on March 11, 2021 or on December 20, 2021, we the jury enter judgment for the Defendant on both Count 1 and Count 2.

**II.     Malicious Prosecution (Count 3):**

1.  **COUNT 3**:  Did the Defendant maliciously prosecute Mr. Wesley for the crime of assaulting a law enforcement officer on March 11, 2021?

    _____ Yes.                              _____ No.

If your answer to the question under this section (Section II) is "No." then enter judgment for the Defendant on Count 3 by marking the line below then proceed to answer the question in the next section (Section III).  However, if your answer to Question 1 in this section (Section II) is "Yes." then do not mark the line below and proceed to the next section (Section III).

_____ Having found that the Defendant, Seth Reed, did not maliciously prosecute Mr. Wesley for the crime of assaulting a law enforcement officer on March 11, 2021, we the jury enter judgment for the Defendant on Count 3.

**III.    Assault and Battery (Counts 14 and 15) :**

1. **COUNT 14**: Did the Defendant, Seth Reed, assault and batter Mr. Wesley in apprehending, arresting and restraining him on March 11, 2021?

    _____ Yes.                          _____ No.

2. **COUNT 15**: Did the Defendant, Seth Reed, assault and batter Mr. Wesley in apprehending, arresting and restraining him on December 20, 2021?

    _____ Yes.                          _____ No.

If your answers to both questions under this section (Section III) are "No." then enter judgment for the Defendant on Count 14 and Count 15 by selecting the checking the line below and then proceed to answer the questions in the next section (Section IV).  However, if your answer to either of the questions under this section (Section III) are "Yes." then do not check the line below and proceed to answer the questions in the next section (Section IV).

_____ Having found that the Defendant, Seth Reed, did not assault and batter Mr. Wesley while apprehending, arresting and restraining Mr. Wesley on March 11, 2021 or on December 20, 2021, we the jury enter judgment for the Defendant on both Count 14 and Count 15.

**IV.    Gross, Willful and Wanton Negligence (Counts 16 and 17)**

1. **COUNT 16**: Was the Defendant, Seth Reed, grossly or willfully and wantonly negligent in apprehending, arresting and restraining Mr. Wesley on March 11, 2021?

    _____ Yes.                          _____ No.

2. **COUNT 17**: Was the Defendant, Seth Reed, grossly or willfully and wantonly negligent in apprehending, arresting and restraining Mr. Wesley on December 20, 2021?

    _____ Yes.                          _____ No.

If your answers to both questions under this section (section IV) are "No." then enter judgment for the Defendant on Count 16 and Count 17 by checking the line below and then proceed to answer the question under the next section (section V).  However, if your answer to either of the questions under this section (section IV) are "Yes." then do not select the instruction below and proceed to follow the instructions in  the next section (section V).

\_\_\_\_\_ Having found that the Defendant, Seth Reed, did not assault and batter Mr. Wesley while arresting and restraining Mr. Wesley on March 11, 2021 or on December 20, 2021, we the jury enter judgment for the Defendant on both Count 16 and Count 17.

## V.    Instruction

If your answers to <u>all</u> questions under Sections I, II, III and IV were "No." then stop here and do not proceed further. The foreperson will sign the form and notify the Court that you have reached a verdict. However, if your answer to <u>any</u> of the questions under any of the sections numbered I, II, III or IV were "Yes." then proceed to answer the questions regarding damages in the next section (Section VI).

## VI.    Compensatory Damages – Excessive Force – Count One

If you answered "No." to the first question in section I, leave the line below blank, skip the next section (Section VII) and continue to Section VIII. If you answered "Yes." to the first question in section I, write the dollar amount of the damages you found that Mr. Wesley sustained in the line below and then proceed to the next section (Section VII).

As a result of the excessive force used in apprehending, arresting and restraining Mr. Wesley on

March 11, 2021, he sustained damages in Count 1 in the amount of $_____.

## VII.    Punitive Damages – Excessive Force – Count One

1.  Did Seth Reed either know that his action violated federal law or act in reckless or callous indifference to Mr. Wesley's safety or rights by use of excessive force on March 11, 2021?

      _____ Yes.                              _____ No.

2.  If you answered "No." to question 1, proceed to Section IX.  If you answered "Yes." to question 1, do you wish to award punitive damages?

      _____ Yes.                              _____ No.

3.  If you answered "No." to question 2, proceed to Section IX.  If you  answered "Yes." to question two and wish to award punitive damages, complete the following and then proceed to Section IX:

We the jury, award Mr. Wesley punitive damages in Count 1 from Seth Reed in the amount of

$_____ for his use of excessive force on March 11, 2021.

## VIII.    Compensatory Damages – Excessive Force – Count Two

If you answered "No." to the second question in section I, leave the line below blank, skip the next section (Section IX) and continue to Section X. If you answered "Yes." to the second question in section I, write the dollar amount of the damages you found that Mr. Wesley sustained in the line below and then proceed to the next section (Section IX).

As a result of the excessive force used in apprehending, arresting and restraining Mr. Wesley on

December 20, 2021, he sustained damages in Count 2 in the amount of \$_____ .

**IX.    Punitive Damages – Excessive Force – Count Two**

1.  Did Seth Reed either know that his action violated federal law or act in reckless or callous indifference to Mr. Wesley's safety or rights by use of excessive force on December 20, 2021?

    _____ Yes.                         _____ No.

2.  If you answered "No." to question 1, proceed to the next section (Section X).  If you answered "Yes." to question 1, do you wish to award punitive damages?

    _____ Yes.                         _____ No.

3.  If you answered "No." to question 2 above, do not fill in the line below, but instead proceed to the next section (Section X).  If you  answered "Yes." to question 2 above and wish to award punitive damages, complete the following by filling in amount on the line below and then proceed to the next section (Section X):

    We the jury, award Mr. Wesley punitive damages in Count 2 from Seth Reed in the amount of

    \$_____ for use of excessive force on December 20, 2021.

**X.    Compensatory Damages – Malicious Prosecution – Count Three**

If you answered "No." to the question in Section II, leave the line below blank, skip the next section (Section XI) and continue to Section XII. If you answered "Yes." to the question in section II, write the dollar amount of the damages you found that Mr. Wesley sustained in the line below and then proceed to the next section (Section XI).

As a result of the malicious prosecution of Mr. Wesley that began on March 11, 2021, he

sustained damages in Count 3 in the amount of \$_____ .

**XI.    Punitive Damages – Malicious Prosecution – Count Three**

1.  Did Seth Reed either know that his action violated federal law or act in reckless or callous indifference to Mr. Wesley's safety or rights when he maliciously prosecuted him on March 11, 2021?

    _____ Yes.                         _____ No.

2.  If you answered "No." to question 1 above, proceed to the next section (Section XII). If you answered "Yes." to question 1 above, do you wish to award punitive damages?

    _____ Yes.                         _____ No.

3.  If you answered "No." to question 2 above, do not fill out the line below and instead proceed to the next section (Section XII).  If you answered "Yes." to question 2 above and wish to award punitive damages, complete the following and then proceed to the next section (Section XII) :

We the jury, award Mr. Wesley punitive damages in Count 3 from Seth Reed in the amount of

$\underline{\hspace{5cm}}$ for malicious prosecution.

**XII.   Compensatory Damages – Assault and Battery – Count Fourteen**

If you answered "No." to question 1 in Section III, leave the line below blank, skip the next section (Section XIII) and continue to Section XIV. If you answered "Yes." to  question 1 in section I, write the dollar amount of the damages you found that Mr. Wesley sustained in the line below and then proceed to the next section (Section XIII).

As a result of the assault and battery by Seth Reed on Mr. Wesley on March 11, 2021, Mr.

Wesley sustained damages in Count 14 in the amount of $\underline{\hspace{5cm}}$.

**XIII.   Punitive Damages – Assault and Battery – Count Fourteen**

1.  Did Seth Reed either know that his action violated federal law or act in reckless or callous indifference to Mr. Wesley's safety or rights when he assaulted and battered Mr. Wesley on March 11, 2021?

      _____ Yes.       _____ No.

2.  If you answered "No." to question 1, proceed to Section IX.  If you answered "Yes." to question 1, do you wish to award punitive damages?

      _____ Yes.       _____ No.

3.  If you answered "No." to question 2, proceed to Section IX.  If you  answered "Yes." to question two and wish to award punitive damages, complete the following and then proceed to Section IX:

We the jury, award Mr. Wesley punitive damages in Count 14 from Seth Reed in the amount of

$\underline{\hspace{5cm}}$ for the assault and battery on March 11, 2021.

**XIV.   Compensatory Damages – Assault and Battery – Count Fifteen**

If you answered "No." to question 2 in Section III, leave the line below blank, skip the next section (Section XV) and continue to Section XVI. If you answered "Yes." to  question 1 in section I, write the dollar amount of the damages you found that Mr. Wesley sustained in the line below and then proceed to the next section (Section XV).

As a result of the assault and battery by Seth Reed on Mr. Wesley on December 20, 2021, Mr.

Wesley sustained damages in Count 15 in the amount of $\underline{\hspace{5cm}}$.

**XV.    Punitive Damages – Assault and Battery – Count Fifteen**

1.  Did Seth Reed either know that his action violated federal law or act in reckless or callous indifference to Mr. Wesley's safety or rights when he assaulted and battered Mr. Wesley on December 20, 2021?

    _____ Yes.                    _____ No.

2.  If you answered "No." to question 1 above, proceed to the next section (Section XVI).  If you answered "Yes." to question 1, do you wish to award punitive damages?

    _____ Yes.                    _____ No.

3.  If you answered "No." to question 2, proceed to the next section (Section XVI).  If you answered "Yes." to question two and wish to award punitive damages, complete the following and then proceed to the next section (Section XVI):

    We the jury, award Mr. Wesley punitive damages in Count 15 from Seth Reed in the amount of

    $_____ for the assault and battery on March 11, 2021.

**XVI.    Compensatory Damages – Gross, Willful and Wanton Negligence – Count Sixteen**

If you answered "No." to question 1 in Section IV, leave the line below blank, skip the next section (Section XVII) and continue to Section XVIII. If you answered "Yes." to  question 1 in section I, write the dollar amount of the damages you found that Mr. Wesley sustained in the line below and then proceed to the next section (Section XV).

As a result of the gross, willful and wanton negligence by Seth Reed on Mr. Wesley on March 11, 2021, Mr. Wesley sustained damages in Count 16 in the amount of $_____.

**XVII.    Punitive Damages – Gross, Willful and Wanton Negligence – Count Sixteen**

1.  Did Seth Reed either know that his action violated federal law or act in reckless or callous indifference to Mr. Wesley's safety or rights when he acted with gross, willful and wanton negligence to harm Mr. Wesley on March 11, 2021?

    _____ Yes.                    _____ No.

2.  If you answered "No." to question 1 above, proceed to the next section (Section XVIII).  If you answered "Yes." to question 1, do you wish to award punitive damages?

    _____ Yes.                    _____ No.

3.  If you answered "No." to question 2, proceed to the next section (Section XVIII).  If you answered "Yes." to question two and wish to award punitive damages, complete the following and then proceed to the next section (Section XVIII):

We the jury, award Mr. Wesley punitive damages from Seth Reed in Count 16 the amount of

$_____ for gross, willful and wanton negligence on March 11, 2021.

**XVIII. Compensatory Damages – Gross, Willful and Wanton Negligence – Count Seventeen**

If you answered "No." to question 1 in Section IV, leave the line below blank, stop at this point, have the foreperson sign and date this form and return the form to the Court. If you answered "Yes." to  question 1 in section IV, write the dollar amount of the damages you found that Mr. Wesley sustained in the line below and then proceed to the next section (Section XIX).

As a result of the gross, willful and wanton negligence by Seth Reed on Mr. Wesley on

December 20, 2021, Mr. Wesley sustained damages  in Count 17 in the amount of

$_____.

**XIX.    Punitive Damages – Gross, Willful and Wanton Negligence – Count Seventeen**

1.    Did Seth Reed either know that his action violated federal law or act in reckless or callous indifference to Mr. Wesley's safety or rights when he acted with gross, willful and wanton negligence to harm Mr. Wesley on December 20, 2021?

_____ Yes.                    _____ No.

2.    If you answered "No." to question 1 above, stop at this point, have the foreperson sign and date this form and return the form to the Court.  If you answered "Yes." to question 1, do you wish to award punitive damages?

_____ Yes.                    _____ No.

3.    If you answered "No." to question 2, stop at this point, have the foreperson sign and date this form and return the form to the Court. If you  answered "Yes." to question 2 and wish to award punitive damages, complete the following and then have the foreperson sign and date this form and return the form to the Court

We the jury, award Mr. Wesley punitive damages from Seth Reed in Count 17 in the amount of

$_____ for gross, willful and wanton negligence on March 11, 2021.

_____          _____
FOREPERSON'S SIGNATURE AND DATE          FOREPERSON'S PRINTED NAME

40