IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| CALVIN WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action: 6:24cv32 |
| | ) | |
| LPD OFFICER SETH REED, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Sergeant Seth Reed, by counsel, hereby proposes the following jury instructions

for trial of this matter as follows:

**Instruction No. 1**

**INTRODUCTION**

Members of the jury, now that you have heard the evidence, it is my duty to give you the instructions as to the law applicable to this case. The lawyers will then have the opportunity to present their closing arguments.

These instructions are roughly divided into three parts. First, I will talk with you about some general principles of the law. Second, I will discuss with you instructions that apply to the claims in this case and the defenses to those claims. Third, after you hear closing arguments, I will have some remarks about your deliberations in this matter. Let me begin with some general principles.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 2**

**DUTY AS JURORS**

The instructions that I gave you at the beginning of the trial and during the trial remain in effect. You must, of course, continue to follow my earlier instructions as well as those that I give you now. You must not single out some instructions and ignore others, but must consider the instructions as a whole. I will send a copy of these instructions with you for your deliberations.

It is your duty as jurors to determine from the evidence what the facts are. You will then apply the law, as I explain it to you, to those facts. You must follow my instructions on the law even if you believe the law is different or should be different. Do not allow sympathy, bias, or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I explain it. The parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequence.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. Likewise, the actions which I have taken during the trial in ruling on motions or objections, in comments to the lawyers, or in questions to the witnesses, are not to be taken by you of any indication by me as to how you should decide the facts. Even if you think I have an opinion as to the facts, you should entirely disregard it. It is not my function to determine the facts. Instead, you are the sole judges of fact in the case.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

Because this is a civil case and Shanta Brown and Aquasha Sandidge are the parties that brought the lawsuit, they have the burden of proving their claims by the greater weight of the evidence, also known as the preponderance of the evidence.

To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. The weight does not necessarily depend upon the number of witnesses who testify. The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 4**

**EVIDENCE AND NON-EVIDENCE**

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again. The following statements and utterances made during this trial are not evidence and should not be considered by you:

1. Statements, arguments, and questions by lawyers. These are not evidence.
2. Objections to questions are not evidence.
3. Testimony and exhibits that the court has excluded or told you to disregard are not evidence.

The things I have just listed are not evidence. The evidence in the case consists of the testimony of the witnesses, as we have discussed, and any and all exhibits which have been received into evidence, and all facts which have been either admitted or stipulated.

Also, some testimony and exhibits have been received only for a limited purpose. Where I have told you that you can consider a piece of evidence for a limited purpose only, and not for any other purpose, you should consider that evidence only for the limited purpose.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 6**

**CREDIBILITY**

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

You are not bound to decide any issue of fact in accordance with the testimony of witnesses which does not produce in your minds belief in the likelihood of truth. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness' intelligence, motive, state of mind, demeanor, and manner while on the stand. You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters. You may also consider his or her interest in the outcome of the case, and any bias or prejudice, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence in the case. In evaluating credibility, you may call upon your own experience and background in your everyday affairs in determining the reliability or unreliability of statements made by others.

In considering the testimony of witnesses, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 7**

**INCONSISTENT STATEMENTS**

In determining the credibility of any witness, you also may consider whether a witness has previously made statements that are inconsistent with his or her testimony here in court. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was, in fact, inconsistent with his or her testimony here in court.

If a witness at trial has been confronted with a prior statement which that witness made and that was unsworn—that is, not under oath—and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.

If the witness made the prior inconsistent statement under oath and subject to cross examination or if it was made at a deposition, then you may also treat the prior statement as evidence in this case. That is, you may treat what was said in that prior sworn testimony as true.

Again, in considering any prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important factor or an unimportant detail.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 8**

**IMPEACHMENT BY WITNESS'S FELONY CONVICTION**

The fact that a witness has previously been convicted of a felony is also a factor you may consider in weighing the credibility of that witness. The fact of such conviction does not necessarily destroy the witness's credibility, but is one of the circumstances you may consider in determining the weight to be given to his or her testimony.

Authority: instruction given in *Hatcher v. Hoffman*, Civil Action No. 7:20-cv-474 (W.D. Va. 2022).

**Instruction No. 9**

**DEPOSITION TESTIMONY**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

You have heard the deposition of _____, taken on _____. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 10**

**EXCESSIVE FORCE – FOURTH AMENDMENT**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In this case, Plaintiff Calvin Wesley claims that the Defendant Officer Seth Reed used excessive force when arresting him. In order to establish that the officer used excessive force, Plaintiff must prove both of the following by a preponderance of the evidence:

First: Officer Reed intentionally committed certain acts.

Second: Those acts violated Plaintiff's Fourth Amendment right not to be subjected to excessive force.

In determining whether the Officer Reed's acts constituted excessive force, you must ask whether the amount of force used was the amount which a reasonable officer would have used in making the arrest under similar circumstances. You should consider all the relevant facts and circumstances leading up to the time of the arrest that Officer Reed reasonably believed to be true at the time of the arrest. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include, but are not limited to:

- the severity of the crime at issue;
- whether Mr. Wesley posed an immediate threat to the safety of Officer Reed or others; and
- whether Mr. Wesley was actively resisting arrest or attempting to evade arrest by flight.

Ultimately, the question is whether Officer Reed's use of force was reasonable under the totality of the circumstances.

The reasonableness of Officer Reed's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest. However, not every use of force by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, Plaintiff must prove that the Defendant Officer Reed intended to commit the acts in question; but apart from that requirement, the Defendant's actual motivation is irrelevant. If the force used was unreasonable, it does not matter whether the Defendant had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether the acts of Officer Reed were objectively reasonable in light of the facts and circumstances confronting him.

If you find that Plaintiff has proven by a preponderance of the evidence that the force used by the Defendant was objectively unreasonable, then the Defendant violated Plaintiff's Fourth Amendment protection from excessive force and your verdict will be for Plaintiff.  If Plaintiff failed to make this showing, or if you find that the force used by Defendant was reasonable, then the force was not unconstitutional, and your verdict will be for Defendant.

Authority: Third Circuit Pattern Jury Instruction (Civil Cases) 4.9 (modified); *Graham v. Connor*, 490 U.S. 386, 396 (1989); Fifth Circuit Pattern Jury Instruction (Civil Cases) 10.1 (modified) (provided only with respect to the finding instruction).

**Instruction No. 11**

**MALICIOUS PROSECUTION – FOURTH AMENDMENT**

Plaintiff alleges malicious prosecution by Officer Reed. To establish a claim of malicious prosecution, the plaintiff must prove by a preponderance of the evidence that the defendant caused him to be criminally prosecuted without probable cause, that the defendant did so maliciously (that is, for a bad purpose), and that the prosecution was eventually terminated in plaintiff's favor, without a conviction.

**Instruction No. 12**

**QUALIFIED IMMUNITY**

At the time of the incidents giving rise to this lawsuit, it was clearly established law that [describe the law]. However, even if you find that the defendant violated [repeat the description of the law], he still may not be liable to the plaintiff. This is because the defendant may be entitled to what is called "qualified immunity." If you find that he is entitled to such immunity, you must find him not liable.

The defendant is entitled to qualified immunity if, at the time he violated [repeat the description of the law], he neither knew nor reasonably should have known that his actions violated federal law. Please note that the fact that the defendant was unaware of the law I described above is not sufficient by itself to give him this qualified immunity. In addition, he must show that a reasonably competent officer in his position would not have known of this law either.

In deciding what a reasonably competent officer would have known about the legality of the defendant's conduct, you may consider the nature of his official duties, the character of his official position, the information that was or was not known to him, and the events that confronted him.

The defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law. If the defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for the defendant, even though you may have otherwise found that the defendant in fact violated the plaintiff's rights under color of state law.

**Instruction No. 13**

**ASSAULT AND BATTERY[1]**

Plaintiff Calvin Wesley claims that Defendant Officer Reed is liable for battery.

A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other.  Police officers are legally justified in using reasonable force to make a lawful arrest.  Therefore, if you find that Defendant's use of force was objectively reasonable, or that Plaintiff failed to prove by a preponderance of the evidence that the force used by Defendant was objectively unreasonable, you must find for the Defendant on this claim. If you find that Plaintiff has proven by a preponderance of the evidence that the force used was objectively unreasonable, then you must find for Plaintiff on this claim.

Authority: *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009); VMJI 36.000; VMJI 36.030.


Definition of Battery

A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other.


Definition of Assault

An assault is any threatening act that is intended to put another person in reasonable fear of imminent physical injury. [Words alone are never an assault.]


Arrest: Permissible Force

An officer has the right to use reasonable force to make a lawful arrest. Use of that force is not an assault or battery. Within reasonable limits, an officer is the judge of the amount of force necessary to make a lawful arrest.

Any force used in making an unlawful arrest is an assault and battery.

---

[1] Defendant did not include a jury instruction for assault because the assault and battery claims in this case rise and fall together, and the elements of assault are subsumed in the elements for battery.  *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009).  A legal justification for the act being complained of defeats both claims.  *Id.* at 117. As an aside, the relevant count in the Amended Complaint (Count 6) is titled "Civil Assault [and] Battery" – there are not separate counts for assault and battery.  (ECF No. 30 at 20.)

Burden of Proof: Affirmative Defense

The burden is on the plaintiff to prove [assault; battery; assault and battery] by a preponderance of the evidence.

The burden is on the defendant to prove [self-defense; that he was making a lawful arrest] by a preponderance of the evidence.

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive, when evaluated against all the evidence that has been admitted in the case. The testimony of one witness whom you believe can be the greater weight of the evidence.

Finding Instruction: Battery—Affirmative Defenses

You shall find your verdict for the plaintiff if the plaintiff proved by the greater weight of the evidence that:

(1) the defendant intentionally touched the plaintiff; and

(2) the touching was unwanted; and

(3) the touching was without justification, excuse, or the plaintiff's consent.

You shall find your verdict for the defendant:

(1) if the plaintiff failed to prove a battery; or

(2) if the defendant proved by the greater weight of the evidence that he acted in self-defense.

Finding Instruction: Assault—Affirmative Defenses

You shall find your verdict for the plaintiff if the plaintiff proved by the greater weight of the evidence that the defendant intentionally threatened him by some act that put him in reasonable fear of imminent physical injury. Intent may be inferred from the nature of the act and the surrounding circumstances.

You shall find your verdict for the defendant:

(1) if the plaintiff failed to prove an assault; or

(2) if the defendant proved by the greater weight of the evidence that he acted in self-defense.

**Instruction No. 14**

**COMPENSATORY DAMAGES**

If you find the Defendant liable, then you must consider the issue of compensatory damages.  You must award the Plaintiff an amount that will fairly compensate him for any injury he sustained as a result of any excessive force.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  However, compensatory damages may not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.  But the law does not require that he prove the amount of his losses with mathematical precision; it only requires as much definiteness and accuracy as circumstances permit.

Here, the Plaintiff claims the following items of damages:

(1) Physical harm, including physical pain and discomfort; and

(2) Emotional and mental harm suffered during and after the events at issue, including fear, humiliation, and mental anguish, as well as emotional and mental harm that the Plaintiff is reasonably certain to suffer in the future.

No evidence of the dollar value of such pain needs to be introduced.  There is no exact standard for determining the damages awarded based on pain and suffering.  You are to determine an amount that will fairly compensate Plaintiff for the injury.

Authority: instruction given in *Hatcher v. Hoffman*, Civil Action No. 7:20-cv-474 (W.D. Va. 2022) (modified to fit circumstances of case).

**Instruction No. 15**

**PLAINTIFF'S BURDEN ON COMPENSATORY DAMAGES**

The burden is on the Plaintiff to prove, by the greater weight of the evidence, each item of damage he claims and to prove that each item was caused by the Defendants' improper conduct.  He is not required to prove the exact amount of his damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of his damages. If the Plaintiff does so, then he cannot recover.

Authority: instruction given in *Hatcher v. Hoffman*, Civil Action No. 7:20-cv-474 (W.D. Va. 2022).

**Instruction No. 16**

## RELATIONSHIP BETWEEN LIABILITY AND DAMAGES

You should not consider the fact that I have instructed you about the measure of damages as suggesting any view of mine as to which party should receive your verdict. Instructions about damages are given for your guidance, in the event you should find in favor of the Plaintiff.  You are instructed that the question of damages is entirely separate and different from the question of liability. You should not consider the question of whether or not the Plaintiff has been damaged until you have first considered and decided the question of whether or not the Defendants are liable.

Authority: instruction given in *Epperson et al. v. Smith et al.*, Civil Action No. 4:16-cv-50 (W.D. Va. 2022).

**Instruction No. 17**

**AMOUNT SUED FOR IS NOT EVIDENCE**

Any amount of damages requested is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

Authority: VMJI 2.180.

**Instruction No. 18**

**DUTY TO MITIGATE DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages.

If you find Defendant is liable and Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that the Defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages that the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied his burden of proving that the Plaintiff's conduct was not reasonable.

Authority: Fifth Circuit Pattern Jury Instruction (Civil Cases) 15.5.

**Instruction No. 19**

**PUNITIVE DAMAGES**

Whether or not you award the plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

**Instruction No. 20**

**EXPERT WITNESS**

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it.

Authority: VMJI 2.040

**Instruction No. 21**

**CLOSING ARGUMENTS**

In a few moments, I will finish these instructions and then the parties will have the opportunity to present their closing arguments. Then, it will be time for you to retire to the jury room to begin your deliberations. I will instruct you after closing arguments as to how you should conduct those deliberations. For now, I would ask each of you to give your attention to the parties as they give their closing arguments. After the closing arguments, we will give you one official verdict form before you begin your deliberations.

I have given you your instructions as to the law, and we are ready for the closing arguments.

As I have instructed you, this is a civil action and the burden is on the Plaintiff in a civil action to prove the case by a preponderance of the evidence, by the greater weight of the evidence.

Since the burden of proof is on the Plaintiff under our legal system, the Plaintiff will have the right to open and close the arguments. So, you will first listen to counsel for Plaintiff, then you will listen to counsel for the Defendant, and then since the burden of proof is on Plaintiff, he will have the right to present the final closing argument.

As I told you at the very beginning of this trial and again in instructing you on the law, neither the opening statements nor the closing arguments are evidence in the case, and must not be considered by you as such. The closing arguments will be made now to assist you in evaluating the evidence and applying the law.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021) (modified to fit circumstances of case).

**Instruction No. 22**

**DELIBERATIONS**

You have now heard closing arguments and you will soon return to the jury room to deliberate. There are certain rules you must follow in conducting your deliberations and in returning your verdict.

First, when you go to the jury room, you will select one person to act as your foreperson. The foreperson will preside over your discussions and will be your spokesperson here in court.

Second, it is your duty as jurors to discuss this case with one another in the jury room. You should try to reach agreement without sacrificing your individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will always first disclose to the attorneys your question and my response before I answer your question. I will respond as soon as possible either in writing or by having you return to the courtroom so that I can address you personally. You should not tell anyone–including me or the court security officer–how your vote stands numerically, and any notes should not indicate how your vote stands numerically.

Fourth, during your deliberations, you must not communicate with anyone else outside of the jury about the case. You must not use any electronic device, including cell phones, the Internet, a blog, website, other method to communicate about the case or conduct any research.

Fifth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous, you must all agree. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide. If you wish to have any or all of the exhibits sent to you in the jury room, you should advise the court security officer.

Finally, a verdict form has been prepared for your responses, as you will see. A verdict form is simply a written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom. I tell you that in answering the questions and inquiries on the verdict form, it is necessary that each of you agree as to the response. Your verdict as to each question must be unanimous.

Once again, when you enter your jury room, your first responsibility will be to elect a foreperson. You will then begin your deliberations. Once you begin your deliberations, you should not have contact with any person other than the court security officer.

If you recess during your deliberations, follow all of the instructions that the court has given you about your conduct during the trial. I will ask the court security officer now to please deliver the official verdict form to the jury. Then, if he would please take the jury out into the hall but not all the way into the jury room and let me converse with counsel for just a few moments before we send the jury to deliberate.

Authority: instruction given in *Flanagan v. Scearce*, Case No. 7:19-cv-00413 (W.D. Va. 2021).

**Instruction No. 23**

## SPECIAL INTERROGATORIES

Defendant maintains the defense of qualified immunity and reserves the right to submit special interrogatories for the jury to make the necessary findings.  Because the special interrogatories will be dependent on the evidence, Defendant believes it is premature to submit special interrogatories at this time.

Respectfully submitted,

SERGEANT SETH REED

By /s/ John R. Fitzgerald
Jim H. Guynn, Jr., Esq. (VSB # 22299)
John R. Fitzgerald, Esq. (VSB # 98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:     540-389-2350
jimg@guynnwaddell.com
johnf@guynnwaddell.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2026, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois                                  Steven D. McFadgen, Sr.
James River Legal Associates                    McFadgen Law, PLC
7601 Timberlake Road                            3521 Campbell Avenue
Lynchburg, VA 24502                             Lynchburg, VA 24501
Phone: (434) 845-4529                           Phone: (434) 385-4579
Fax: (434) 845-8536                             FAX: (888) 873-1048
Email: mvalois@vbclegal.com                     Email: muchmorelaw@gmail.com
*Counsel for Plaintiff*                         *Counsel for Plaintiff*


/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
          johnf@guynnwaddell.com
*Counsel for Defendant*